[Sac. No. 7025. In Bank. Aug. 10, 1959.]

SAN FRANCISCO BREWING CORPORATION (a Corporation), Appellant, v. CLYDE A. BOWMAN, Respondent.

P. M. Barceloux, Burton J. Goldstein, Goldstein, Barceloux & Goldstein, Elbert W. Davis and Hoffman, Davis & Martin for Appellant.

Price & Morony, Grayson Price and J. Albert Hutchinson for Respondent.

THE COURT.—This cause was transferred to this court after decision by the District Court of Appeal, Third Appellate District. Upon further consideration, we adopt as the opinion of this court the opinion of the District Court of Appeal prepared by Presiding Justice Van Dyke, with the omissions and additions hereinafter indicated.

Plaintiff San Francisco Brewing Corporation brought this action on September 30, 1954, against defendant Clyde A. Bowman, doing business as Bowman's Beverage Company. Plaintiff alleged that defendant was indebted to it in the sum of $18,027.14, being the balance due on an open account for beer sold and delivered during the preceding two years. Defendant's answer admitted his indebtedness to plaintiff in the sum alleged, but asserted that nothing was due because of offsetting demands. He also cross-complained for damages in the sum of $162,000 for breach of contract. The jury returned a verdict in favor of defendant and fixed his damage at $36,040. Judgment was entered accordingly in favor of defendant in the sum of $18,012.86 (the amount of the verdict less the admitted indebtedness sued on.) Plaintiff appeals.

Viewing the evidence, as we must, in support of the verdict, it appears that in 1935 defendant was a partner with his father in the business of distributing carbonated beverages and beer in Butte County. Late in 1935 or early in 1936 plaintiff entered into an agreement with the partners by which they were given the exclusive right to distribute and sell its products in Butte County with the exception of the towns of Gridley and Biggs. Plaintiff agreed to furnish all of its products which the partners could sell, and the partners agreed to sell and distribute these products, to furnish sufficient equipment, manpower and warehousing to fill the demands for these products in the territory, to furnish sufficient capital to buy and maintain a reasonable inventory and generally to promote sales within the county. The agreement was to continue as long as the partners, to use defendant's expression, "took care of the territory." At that time the products of plaintiff with which the parties were concerned were two brands of beer known as "Golden State" and "Pilsen Gold." Early in 1937 plaintiff discontinued those brands and substituted a brand known as "Burgermeister," which products the partners continued to sell and distribute. The partnership between defendant and his father was dissolved around 1938, and for a while thereafter defendant continued individually to distribute Burgermeister under the

same conditions which had applied to the preceding partnership business. After a period defendant entered into a second partnership which in turn continued the distribution of plaintiff's beer. At plaintiff's request this partnership was dissolved in 1950. Thereupon defendant, as an individual, continued the distribution of plaintiff's product under the same conditions as had originally been agreed upon until July 28, 1954, when plaintiff without notice and without cause cancelled the distributorship, refused to continue supplying its product to defendant and gave the exclusive right for the distribution thereof in Butte County to another. During all of the time defendant individually and in partnership had distributed plaintiff's product in Butte County up to a date in February, 1954, the business had included the distribution of a rival product known as "Acme" beer. This had been with knowledge of and without objection by plaintiff until February, 1954, when it requested defendant to discontinue the distribution of the rival product, assuring him that if he would terminate his Acme distributorship, plaintiff would then continue his exclusive right to distribute Burgermeister. Accordingly, defendant complied with plaintiff's desires, terminated his Acme distributorship and concentrated his sales efforts on Burgermeister. On the first of June, 1954, he met plaintiff's further demand that he employ a sales promotion and display man [ ].[1] Shortly prior to termination he met a further demand of plaintiff that he purchase specialized motor equipment for the delivery of its product. Also in order to serve the convenience of plaintiff by enabling it to maintain a uniform schedule of production throughout the year, defendant had for many years met the demands of plaintiff to build up his inventory during slack seasons beyond his distribution requirements. This required him to provide storage for the large inventory thus accumulated, which requirement he met by constructing a warehouse in Chico in 1951. Defendant testified generally that in all things he had performed the duties cast upon him by his agreement with plaintiff.

[ ] [At plaintiff's request, the trial court instructed: "If you find that a contract was made between plaintiff and a partnership of which defendant was a member, and that such

---

[1][ ] Brackets together in this manner are used to indicate deletions from the opinion of the District Court of Appeal. Brackets enclosing material (other than editor's added parallel citations) are used to denote insertions or additions by this court.

partnership was later dissolved, then that contract had come to an end, and the rights of the parties must be governed by some new agreement either express or implied thereafter arising between the parties.'' ▆ The verdict for defendant therefore implied a finding that by terminating the distributorship plaintiff breached a contract formed not earlier than 1950, when defendant individually became the Burgermeister distributor. ▆ There is no merit in plaintiff's contention that such contract was neither alleged or proved. While it is true that the period of oral negotiations which began in 1935 appears to have been the only time when conversations were had concerning all the terms of the agreement, it is also apparent from defendant's testimony that by their conduct the parties continued under the same general plan and agreement from that time forth and through the varying changes in the persons interested as distributors to and including the last four years, during which defendant alone continued the same relationship. This evidence supports the jury's finding notwithstanding the absence of later discussion specifically directed to the formation of a new contract.]

▆ Plaintiff further asserts that the court erred in giving an instruction which reads in part as follows: ''When the parties to an agreement undertake a course of dealing and do not expressly include in their agreement any definite stipulation or undertaking as to the time such course of dealing shall continue, the law implies that such course of dealing shall continue for such period of time as is reasonable in the nature of the business contemplated by the agreement, and such reasonable time is defined as that which is reasonable in the light of the course of the dealing and all the circumstances of the case and the reasonable contemplation and expectation of the parties. . . .''

The instruction went on to state that such an agreement could not be lawfully terminated by a party without either the consent of the other or lawful justification for termination or until a reasonable time after notice given by one party to the other of an intent to terminate. [   ] [This instruction is not subject to plaintiff's objection that the evidence showed only a relationship terminable at the will of either party.]

▆ Upon the subject of termination of exclusive sales and distribution contracts such as we have here, 4 Williston on Contracts, revised edition, section 1027A, page 2847 et seq., after pointing out that the validity of such contracts during their continuance is obvious, states that where the agreement

contains no provision whatever for its termination it is properly held to be ". . . an enforceable executory contract, binding each party for a reasonable time." [The jury might properly have found such a contract, containing no provision for termination. Williston] also further states (at p. 2852): ". . . It is the settled law of agency that if the agent or employee furnishes a consideration in addition to his mere services, he is deemed to have purchased the employment for at least a reasonable period where the duration of the employment is not otherwise defined. A similar result should be reached though the dealer is a buyer-distributor rather than a technical agent, where in addition to undertaking to pay for the manufacturer's products as ordered, he promises to establish or maintain adequate sales and demonstration facilities or to provide a maintenance and repair service for handling said products." (See also *J. C. Millett Co.* v. *Park & Tilford Distillers Corp.*, [ ] [123 F.Supp. 484], and *Long Beach Drug Co.* v. *United Drug Co.*, [ ] [13 Cal.2d 158 (88 P.2d 698, 89 P.2d 386)].)

Plaintiff charges other errors in instructions. In addition to the above instruction, the court told the jury that if no time limit was fixed in the contract between the parties during which the contract was to continue, it would ordinarily be terminable at the will of either party unless from all of the circumstances the jury should find that the mutual agreement expressly or impliedly contemplated a continuance for a reasonable time or provided a reasonable notice of termination; that in order for the termination to constitute a breach, defendant had to prove a promise on the part of plaintiff that it would not terminate the contract without notice or would have to prove a promise that the contract was to have continued in effect for some time beyond the date of actual termination as determined by the jury on consideration of all the evidence. Plaintiff declares that these last instructions conflicted with the other. [ ] [If a conflict exists, it arises from a failure of the last instructions to recognize that, where a contract is silent regarding duration, the law may imply provisions for a reasonable continuance and for reasonable notice before termination.] But in any event, since the instruction with which it is claimed these instructions conflicted was in itself a correct instruction [in this respect], and since these alleged conflicting instructions were given at the request of plaintiff, error cannot be predicated on their giving since to do so would offend against the rule of invited

error. (See 4 Cal.Jur.2d, Appeal and Error, § 557, pp. 423-424.)

■ Plaintiff requested the court to instruct the jury that if it should find defendant was not obligated to continue to act as distributor for any period of time, then plaintiff was not obligated to continue defendant as its distributor and could terminate the relationship at will, without liability. The court refused to so instruct. The requested instruction could well have been given. It was correct in law and presented a theory of nonliability relied on by plaintiff.

■ Plaintiff next contends the court erred in refusing its requested instruction to the effect that if defendant had had a reasonable time to recoup his expenditures and had made a profit, he could not recover damages on account of the termination of the contract by it, for in such case and as a matter of law a reasonable time for its duration would have expired. It would have been error to have given this instruction. One of the reasons often given why a reasonable time of duration is implied is that such implied duration is justified where expenditures have been made in order to protect the sales distributor from loss. But it does not result that as soon as a profit has been made the contract becomes terminable at will.

■ It is further contended by plaintiff that the trial court erred in refusing [to instruct on the statute of frauds. Of the requested instruction, which read as follows, the court gave only the italicized portion:] [ ] "If you find that there was an agreement between the parties which would impose an obligation upon plaintiff to continue for a period of more than one year, then defendant cannot recover unless such agreement was in writing.

*"If you find that the parties agreed that plaintiff would continue defendant as its distributor for a reasonable time, then you must determine what period would constitute such reasonable time;* if, however, such reasonable time would exceed one year, then said agreement would not be binding upon plaintiff unless it was in writing."

[ ] [Upon this record, the first sentence was a correct statement of the law, and if, on any view of the evidence, the statute was applicable, plaintiff was entitled to have the jury so instructed. ■ With this observation we reach the question whether the final clauses of the instruction were also correct.] The issue thus presented is a difficult one to resolve. Apparently no California case has been determined by our appellate courts which specifically considers the question.

There are, however, several recent federal cases which constitute persuasive authority and which approve the view contended for by plaintiff. The first is *Fibreboard Products, Inc.* v. *Townsend,* decided by the United States Court of Appeals (9th Cir.) on February 2, 1953, and reported in 202 F.2d 180. There the trial court gave damages for wrongful prior termination finding that a contract for employment for an indefinite time was made under such circumstances that a reasonable time of employment was agreed upon by implication and that the reasonable time was two years. The court rejected the contention that such an agreement was within the statute but also advanced as an additional ground for affirmance the doctrine of estoppel to rely on the statute, saying at page 183: "In any event, the detriment suffered by plaintiff is sufficient to estop defendant from asserting the Statute of Frauds."

The next federal case in point of time is *J. C. Millett Co.* v. *Park & Tilford Distillers Corp., supra,* involving an ordinary liquor distributorship agreement without definite agreement on duration. The court held the parties could not terminate the relationship at will; that under California law a party seeking to terminate such a contract must give the other party reasonable notice of intention to terminate and could not terminate until at least a reasonable time had expired, which the court specifically found to be one year.

. The most recent federal case is *Hunt Foods, Inc.* v. *Phillips,* 248 F.2d 23 (Aug. 7, 1957), which involved an action by partners against a food processor for breach of contract whereby the partnership had become the exclusive distributor of the processor's food to certain military establishments. There was evidence of such a change of condition by the distributor's inducing them to enter into the contract as to justify the defense of estoppel to raise the statute of frauds, and the case finally turned upon that issue. But in discussing the impact of the statute the court said:

"Appellant argues that the California Statute of Frauds [Civ. Code, § 1624, subd. 1] is a defense to this action because the alleged oral contract was to continue for more than one year." (P. 31.)

The above quotation from the Hunt Foods case referred to this footnote:

"Because the trial court held that the contract was for a reasonable time and the reasonable time had not yet elapsed, some sixteen months after the commencement date, it is appar-

ent that the contract is within the statute of frauds, being more than one year in duration. See concurring opinion by Judges Pope and Healy in *Fibreboard Products* v. *Townsend*, 9 Cir., 202 F.2d 180. *Hopper* v. *Lennen & Mitchell*, 9 Cir., 146 F.2d 364, is an accord with this view. *J. C. Millett Company* v. *Park & Tilford Distillers Corp.*, D.C., 123 F.Supp. 484, is not inconsistent with our view since in that case it was held that if notice of termination was given at the earliest possible moment, performance could be completed within one *year*."

One other case has come to our attention—*Hall* v. *Hall* (1957), —— Tex. —— [308 S.W.2d 12] (rehearing denied January 22, 1958). There the plaintiff brought action against defendant, a manufacturing partnership, for breach of an oral contract whereby plaintiff was to represent the partnership in "developing" a certain untapped sales territory. The Texas statute pleaded in defense, paragraph 5 of article 3995, Vernon's Texas Civil Statutes, barred action upon an oral promise or agreement "which is not to be performed within the space of one year from the making thereof." The applicability of the statute to the contract in the light of the jury's findings at the trial presented the principal question in the case. The jury had found by special verdict that the contract was to endure for a reasonable time after its making and by a second special verdict had found that the reasonable time impliedly agreed upon was three years. The court said (pp. 14-16 [308 S.W.2d]):

"Considering first the question of whether the contract was or was not within the purview of the statute, we find no authority in the briefs, or by our own research, that is very helpful . . .

"His reasoning as to why the contract falls without the statute is that, since it lacks an express provision as to duration of performance, the term of a reasonable time is implied; that a contract providing a term of a reasonable time is one of uncertain duration and therefore not within the statute; that the finding of a reasonable time to be three years does not alter the status of the contract as one of indefinite duration—does not make it a contract which, by its terms, cannot be performed within one year."

The court reasoned as follows:

"In the first place, and despite the strict requirement that impossibility of performance within one year must appear from the terms of the contract, we see no reason why the mere

fact of duration of performance being *implied* keeps the contract from being within the statute . . . What is implied in a contract is as much one of its terms 'as though expressly set forth therein.' (Citation.)

"    .    .    .    .    .    .    .    .    .    .    .    .    .    .

"Where the circumstances justify the law in implying any term of performance, they also justify it in defining the period in regular units of time, such as days or years . . . Actually what the law does is to supply the terms in units of time, but using the yardstick of reasonableness in so doing. What it determines in the instant case is that 'the contract reasonably implies performance over three years.' The respondent-plaintiff, in seeking to uphold a recovery on the contract for commissions to have been earned in the third year thereof, necessarily asserts a contract with a performance term of three years. He could hardly expect to recover specific damages if the term were the merely abstract one of 'a reasonable time.' ''

Defendant, in support of the judgment, argues that the doctrine of estoppel to defend under the statute of frauds is applicable here. That may be, but there has been no determination of that issue since it was not submitted to the jury, probably because the trial court, refusing plaintiff's requested instruction on the statute, deemed the statute wholly inapplicable. If the statute was applicable, and if the previously quoted instruction should have been given, then the judgment must be reversed notwithstanding any issue that might have been submitted to the jury on the doctrine of estoppel.

■ Defendant also says that plaintiff waived its right to rely upon the statute by not specifically pleading the statute and by not objecting to testimony in proof of the contract. But plaintiff denied the making of the contract in toto and that has been held sufficient to justify reliance upon the statute of frauds. (23 Cal.Jur.2d, Frauds, Statute of, § 150, p. 440, citing *Feeney* v. *Howard*, 79 Cal. 525 [21 P. 984, 12 Am.St.Rep. 162, 4 L.R.A. 826]; *Harris* v. *Frank*, 81 Cal. 280 [22 P. 856]; and *Walsh* v. *Standart*, 174 Cal. 807 [164 P. 795].) [While in some circumstances the issue will nevertheless be waived in the absence of an objection to evidence of the oral agreement or a motion to strike (*Pao Ch'en Lee* v. *Gregoriou*, 50 Cal.2d 502, 505-506 [326 P.2d 135]), we think a different rule is applicable here. ■ The statute of frauds is not thus waived where the testimony is a step toward proving an oral contract not subject to the statute. (*Gard* v. *Ramos*, 23 Cal.App. 303, 304-305 [138 P. 108].) ■ But

as there was evidence to justify a finding of an estoppel to rely on the statute, evidence of the contract could not have been excluded. (*Moore* v. *Day*, 123 Cal.App.2d 134, 141 [266 P.2d 51].) For the same reason, a motion to strike or a motion for nonsuit would have been equally unavailing. Under these circumstances, we hold that plaintiff's request for an instruction on the statute of frauds was sufficient to preserve that issue.]

Addressing ourselves now to the proposition posed by the request for the instruction, we find ourselves unable to escape the reasoning applied by the Ninth Circuit and by the Texas Supreme Court in the cases we have referred to. We think both the express and implied terms of a contract are equally terms of the agreement within the meaning of that phrase as used in the statute. If the parties choose to submit the determination of what in fact was to have been the duration of the contract to the arbitrament of courts and juries in an action brought thereon, we think the contract as determined in such suit by the trier of fact is the contract which they must be taken as having made. Therefore, the plaintiff was entitled to have the jury instructed as requested, for if the contract did carry within it an implied agreement that it should endure for a reasonable time, and if in fact such reasonable time amounted to a period in excess of the period allowed by the statute, then the contract being wholly oral could not be enforced.

The result of this conclusion is that the judgment must be reversed.

Plaintiff has urged numerous objections to other instructions including those upon damages. However, we think it unnecessary to discuss these assignments in detail in view of the reversal to be ordered, as they are not apt to recur on retrial. The determination on retrial of the time the parties agreed the contract should endure may result in a judgment in favor of plaintiff upon the issues raised by the cross-complaint because of the bar of the statute; the finding may be made that notwithstanding the bar of the statute plaintiff is estopped to assert it; the finding may be that the time within which the contract was to endure was one year or less from the time of its making, as was the holding of the trial court in *J. C. Millett Co.* v. *Park & Tilford Distillers Corp., supra.* Several of the items of damage claimed and concerning which evidence was adduced during the trial will be materially affected by the findings made in respect of the time of dura-

tion. For instance, if by reason of the estoppel defendant is permitted to recover upon the basis that the contract still had two years to run when wrongfully terminated, loss of profits claimed would be limited to such period. It is unnecessary to discuss these matters further.

For the reasons given, the judgment is reversed.