[L. A. No. 25378.   In Bank.   Aug. 28, 1959.]

O. A. KELLY et al., as Trustees, etc., Appellants, v. SPAR-LING WATER COMPANY (a Corporation), Respondent.

O. A. KELLY et al., as Trustees, etc., Appellants, v. MAU-RICE C. SPARLING, as Executor, etc., Respondent.

Joseph M. Wapner for Appellants.

.Belcher, Henzie & Fargo and George M. Henzie for Respondents.

SPENCE, J.—Plaintiffs appeal from portions of a modified judgment entered in consolidated actions and from an order denying their motion to strike a cost bill. The actions were for an injunction to restrain defendants from diverting water from a spring on plaintiffs' land and for damages.

In early 1954, plaintiffs purchased some 19 acres of hilly land in Topanga Canyon, Los Angeles County. For many years there had been a spring on the property which supplied water for domestic and irrigation uses. The spring had its source from underground water-bearing strata underlying plaintiffs' property and certain lower adjoining property. There was no surface flow. Since 1931, there has been a concrete-lined gathering basin on plaintiffs' property for collection of waters from the spring. The basin held approximately 6,400 gallons of water, and the spring produced water at the rate of 2,304 gallons a day (1.6 gallons a minute). In the marshy land near the basin there was a grove of some 160 eucalyptus trees.

In July, 1954, Raymond Sparling, now deceased, purchased some of the lower property adjoining plaintiffs' land for the purpose of drilling a well. It was his intention, if the well proved productive, to convey it to the Sparling Water Company, of which he was president, for the sale of water to consumers outside the watershed. He drilled the well about 485 feet downslope from the gathering basin on plaintiffs' property and about 35 feet below the basin's level. As soon as the well was put into operation, Sparling conveyed it to the Sparling Water Company, and the company sold the water to its customers.

The trial court found, among other things: That in drilling his well, Sparling cut through water-bearing strata constituting the source of the water in the spring on plaintiffs' property, resulting in lowering the water in those strata and causing the spring to cease to flow and the surrounding marshy terrain to dry up; and that thereby 14 eucalyptus trees in the grove on plaintiffs' property, with a reasonable value of $100 each, were caused to die, to plaintiffs' damage in the sum of $1,400. The court further found: That since Sparling's conveyance of the well to the company, it has produced from the well and sold to its customers in excess of 14,000,000 gallons of water; that plaintiffs require 45,000 gallons of water a month for domestic and irrigation uses on their land; that plaintiffs could drill a well on their land to the same water-bearing strata as tapped by the Sparling well for $2,500, but the drilling of such well would be likely to cause an economic waste of water and continued litigation between the parties; and that there is a shortage of water in the occupied areas of Topanga Canyon.

The court concluded that plaintiffs were entitled to judgment against defendant Sparling estate for $1,400 for loss of the eucalyptus trees; to judgment for damages against defendant Sparling Water Company for $600, the sum which plaintiffs had paid the company for purchasing water; and that the company should either (a) plug the Sparling well and cease producing water therefrom until the water levels in the underground strata again have risen so as to permit the spring on plaintiffs' property to again flow at 2,304 gallons a day (1.6 gallons a minute) or (b) furnish plaintiffs with 45,000 gallons of water a month, at not less than 1,000 gallons a day, with the court retaining jurisdiction to fix the amount of water which can be economically used upon plaintiffs' property up to but not to exceed 2,304 gallons a day. Judgment was entered accordingly.

Defendants moved for a new trial. Because of the hospitalization of the trial judge, another judge heard the motion and denied it. In so ruling, the second judge modified the conclusions of law and the judgment but made no change in the findings. By the modified conclusions of law, (1) the water company was given a third alternative of paying plaintiffs $3,000 as the cost of drilling and equipping a well upon plaintiffs' property and in the interim furnishing plaintiffs with water at its established rates—with the proviso that if

such well was drilled, plaintiffs should have the right to produce as much water therefrom as reasonably might be required, and if such production reduced the production of the Sparling well, the water company would be estopped from claiming or seeking damages or other relief against plaintiffs; (2) plaintiffs were denied judgment for the loss of the 14 eucalyptus trees, "not having plead [sic] any special damages"; and (3) defendant Sparling estate was awarded its costs of suit against plaintiffs. A modified judgment was entered accordingly.

Plaintiffs appeal from the portions of the modified judgment (1) giving defendant Sparling Water Company the election of the third alternative, the payment of $3,000 to plaintiffs for the cost of drilling and equipping a well on their property and meanwhile obtaining water from the company at its established rates until the well is completed; (2) denying plaintiffs relief against defendant Sparling estate, being the $1,400 damages for loss of the eucalyptus trees; and (3) awarding costs to the estate.

Preliminarily, defendants seek a dismissal of plaintiffs' appeal from the modified judgment. They argue that the second judge's minute order denying the motion for a new trial but ordering modification of the original judgment and the preparation of a new judgment was a "special order made after final judgment" (Code Civ. Proc., § 963, subd. 2) and appealable; and since no appeal was taken therefrom, it has become final and plaintiffs may not now question the power of the second judge to make the modified judgment. But "a change made in ruling upon a motion for a new trial under authority of Code of Civil Procedure, section 662, which materially and in a substantial respect affects the conclusions of law and judgment and the rights of the parties against whom it is rendered constitutes a readjudication of the case, and *the modified judgment entered is a new judgment, and an appeal lies only from the second judgment.*" (Emphasis added.) (*George* v. *Bekins Van & Storage Co.*, 83 Cal.App. 2d 478, 480 [189 P.2d 301]; see also *Rutledge* v. *Rutledge,* 119 Cal.App.2d 112, 113 [259 P.2d 78].) Accordingly, the minute order here involved should be treated as any other minute order entered before the judgment is entered, and not as a final and appealable order. Plaintiffs' right to appeal from the modified judgment cannot therefore be questioned.

Code of Civil Procedure, section 661, provides that in case of the inability of the judge who tried the case to hear

the motion for a new trial, it shall be heard and determined by any other judge of the same court. Section 662, so far as here material, provides: ''In ruling on such motion [for a new trial], in a cause tried without a jury, the court may, on such terms as may be just, change or add to the findings, modify the judgment, in whole or in part, vacate the judgment, in whole or in part, and grant a new trial on all or part of the issues, . . .'' Plaintiffs argue that the purpose of section 662 is to afford the trial judge the right to correct his own errors in ruling on a motion for a new trial, and another judge who is designated under section 661 to hear the motion may not modify a judgment based on findings made by the trial judge on conflicting evidence. They rely upon cases indicating that a judge other than the trial judge, in determining a motion for a new trial, may not change findings based on ''extremely conflicting evidence'' (*City of Long Beach* v. *Wright*, 134 Cal.App. 366, 371 [25 P.2d 541]) and may not make new and different findings after hearing only a part of the evidence (*David* v. *Goodman*, 114 Cal.App.2d 571, 575-576 [250 P.2d 704]). But the cited cases are clearly distinguishable, as here the second judge made no change in the findings but changed only the conclusions of law and modified the judgment accordingly.

■ ''. . . [I]t has been repeatedly held that the court retains power to amend or change the conclusions of law so as to point to a different judgment, and to enter a judgment different from the first announced, and that this power continues until the entry of the judgment and *such change may be made by a judge other than the one who tried the cause.*'' (*Mather* v. *Mather*, 22 Cal.2d 713, 718 [140 P.2d 808]; see also *Crim* v. *Kessing*, 89 Cal. 478, 489 [26 P. 1074, 23 Am.St. Rep. 491].) It is immaterial that the original judgment had already been entered before the second judge undertook to change the conclusions and render the modified judgment.

■ Section 661 of the Code of Civil Procedure, authorizing the hearing and determination of a motion for a new trial by a judge other than the trial judge, evidences a statutory design to provide a comprehensive basis for disposition of new trial proceedings when the trial judge is unable to act. (*Telefilm, Inc.* v. *Superior Court*, 33 Cal.2d 289, 292 [201 P.2d 811].) Consistent therewith, a judge acting under authority of that section has the power to change the conclusions of law ''so as to point to a different judgment'' (*Mather* v. *Mather*,

*supra*) and to "modify the judgment, in whole or in part, . . ." (Code Civ. Proc., § 662.)

There now remains for consideration the propriety of the amended conclusion as embodied in the modified judgment. First, there is the added alternative of the modified judgment, giving the water company the election to pay plaintiffs $3,000 to drill and equip a well upon plaintiffs' property. This alternative provision was made despite the trial judge's finding that the drilling of another well on plaintiffs' property to the strata from which the Sparling well was producing would be likely to cause an economic waste of water and continual litigation between the parties. Since the second judge made no change in the original findings, it necessarily follows that the added alternative is contrary thereto and cannot be sustained. Moreover, the modified judgment makes no provision for the eventuality that plaintiffs, in attempting to drill a well, might dig two or more holes before striking water in sufficient quantities for their domestic and irrigation purposes, in which case the total cost might greatly exceed the $3,000 allowed plaintiffs for such drilling. Nor does it appear how the second judge, in ruling on the motion for a new trial, arrived at the figure of $3,000 as the cost of drilling and equipping a well upon plaintiffs' property when the trial judge found it to be $2,500. Under the circumstances, it must be concluded that the second judge erred in adding the challenged alternative in the modified judgment, and that such error requires a reversal.

This error in the added alternative of the modified judgment brings up the question of the effect of plaintiffs' partial appeal. It is the general rule that there may be an appeal from parts of a judgment only if they are severable from the remaining parts. (4 C.J.S., Appeal and Error, § 109, p. 297.) As to separability, " [t]he test of whether a portion of a judgment appealed from is so interwoven with its other provisions as to preclude an independent examination of the part challenged by the appellant is whether the matters or issues embraced therein are the same as, or interdependent upon, the matter or issues which have not been attacked." (*American Enterprise, Inc.* v. *Van Winkle,* 39 Cal.2d 210, 217 [246 P.2d 935] ; see also *Gudelj* v. *Gudelj,* 41 Cal.2d 202, 214-215 [259 P.2d 656] ; *Dow* v. *Superior Court,* 140 Cal. App.2d 399, 403 [297 P.2d 30] ; *M. H. Golden Const. Co.* v. *El Centro Properties,* 112 Cal.App.2d 435, 440 [246 P.2d 942].)

■ In the present case, we have concluded that the third alternative in the modified judgment is not severable from the other portions thereof. The very fact that alternative choices were given to the Sparling Water Company indicates that the reversal of one of these alternatives might well affect the propriety of the remaining two. In other words, all portions of the modified judgment appear to be interdependent. Defendants were apparently dissatisfied with the original judgment and therefore made a motion for a new trial. On the other hand, defendants were apparently satisfied with the resulting modified judgment granting the third alternative and eliminating the $1,400 damage award. If no appeal had been taken the modified judgment could have been satisfied by the payment of the $600 damage award and of $3,000 under the third alternative. A reversal of only the portion of the modified judgment providing for the third alternative would return the cause for a retrial solely with respect to that interdependent portion of the modified judgment. In justice to the parties, it therefore appears necessary to reverse the modified judgment in its entirety to the end that the controversy may be adjudicated upon a retrial as an integrated whole. (See *Blache* v. *Blache*, 37 Cal.2d 531, 538 [233 P.2d 547].) Under these circumstances, it is not necessary to discuss the questions raised by plaintiffs' appeal from other portions of the modified judgment as these questions may not recur upon the retrial of the cause.

The modified judgment and order are reversed and the cause in its entirety is remanded for a new trial.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., and Peters. J., concurred.