**ALPHA DISTRIBUTING COMPANY OF CALIFORNIA, INC., also doing business under the name and style of Alpha Distributing Company, Inc., Plaintiff,**

v.

**JACK DANIEL'S DISTILLERY, LEM MOTLOW PROP., INC., a corporation, et al., Defendants.**

No. 39623.

United States District Court
N. D. California, S. D.
March 13, 1961.

J. Albert Hutchinson, San Francisco, Cal., for plaintiff.

Louis L. Phelps, of Dunne, Dunne & Phelps, San Francisco, Cal., for defendant.

SWEIGERT, District Judge.

This matter comes before the Court upon application of plaintiff, Alpha Dis-

tributing Company, a wholesale liquor distributor which has had an exclusive dealership arrangement with defendant, Jack Daniel's Distillery, for a preliminary injunction prohibiting Daniel's and defendant Brown Forman Distillers Corporation, a corporate affiliate of Daniel's, from marketing Jack Daniel's whisky in a large northern California area except through plaintiff.

The record consists of the complaint and affidavits filed by the parties.

The complaint's first cause of action alleges breach of an oral exclusive distributorship contract. Plaintiff concedes, however, that mere breach of contract is not the basis of its application for injunctive relief.

Nevertheless, this first cause of action indicates some of the numerous issues of fact and questions of law involved in this suit.

There is an issue of fact concerning the existence and the terms of the oral contract, itself, especially with respect to its duration, plaintiff asserting that it was to continue so long as plaintiff performed it, and defendant asserting that it was terminable at will.

There are questions of fact, whether the exclusive distributorship contract, imposing duties of substantial promotion upon a dealer without express provision for termination, continued for a reasonable period and was terminated upon reasonable notice. (See Mangini v. Wolfschmidt, Ltd., 165 Cal.App.2d 192, (1958) 331 P.2d 728; San Francisco Brewing Corp. v. Bowman, 52 Cal.2d 607, 613 (1959), 343 P.2d 1; Millett Co. v. Park & Tilford Distillers Corp., 123 F.Supp. 484 (N.D.Cal.1954). There are also questions of fact concerning the applicability of the statute of frauds (See Cal.C.C. Sec. 1624(1); Cal.C.C.P. Sec. 1973(1); Millett v. Park & Tilford, supra; San Francisco Brewing Corp. v. Bowman, supra), also concerning possible estoppel to assert the statute of frauds. (San Francisco Brewing Corp. v. Bowman, supra).

Even if an exclusive dealership contract, containing any of the possible terms of duration asserted and controverted in this case, could be specifically enforced, directly or indirectly by injunction, certainly the indefiniteness of the alleged contract here involved, the dispute over its terms, and other related issues of facts and law, negative the clear entitlement which should exist to support either specific performance or injunction. (See, Long Beach Drug Co. v. United Drug Co., 13 Cal.2d 158 (1939), 88 P.2d 698, 89 P.2d 386).

Apparently for this reason, plaintiff bases its application for injunctive relief upon its second, third and fourth causes of action.

Concerning the second and fourth causes of action, alleging combination by defendants to effectuate certain anti-trust restraints set forth in the complaint (second cause of action, Par. C, D, p. 18 et seq.) all of said allegations are denied or countered by defendant with two possible exceptions.

The affidavits show that plaintiff's exclusive dealership was terminated by Daniel's, a wholly owned subsidiary of Brown Forman, with the knowledge of and in concert with the latter.

Plaintiff, while conceding that defendant Daniel's would ordinarily have a right to select a distributor of its own choice for the marketing of its products, argues that where, as shown by affidavit in this case, Daniel's terminates one exclusive dealership with a view to taking on another, at the request of or in concert with Brown Forman, a per se anti-trust combination results notwithstanding Daniel's is a wholly owned subsidiary of Brown Forman, citing Kiefer-Stewart Co. v. Seagram & Sons, Inc., 340 U.S. 211 (1951), 71 S.Ct. 259, 95 L.Ed. 219.

Although it is true that such corporate relationship would not liberate the parties from liability for anti-trust violations, it is doubtful that mere concert of such affiliates for the purpose of exercising their right, as a single business

unit to fix the price of the product or select a chosen distributor, and nothing more, constitutes a per se anti-trust violation. See, Report of the Attorney General (1955), pp. 34, 35; Hudson Sales Corp. v. Waldrip, 211 F.2d 268 (5th Cir. 1954) cert. den. 348 U.S. 821, 75 S.Ct. 34, 99 L.Ed. 648. In such a situation there should be a showing either that the defendants were not acting merely as a single business unit, or that, if they were, any restraint of trade resulting from their action was in fact unreasonable.

■ The affidavits also show that one of the reasons for terminating the exclusive dealership was that plaintiff was in close association with and handled the products of a competing manufacturer, Schenley. A manufacturer has a right to free selection of its distributors and may refuse to deal with one who deals in a closely competitive product. A. B. C. Distributing Co. v. Distillers Distributing Co., 154 Cal.App.2d 175, 188 (1951), 316 P.2d 71; Camfield Mfg. Co. v. McGraw Electric Co., 70 F.Supp. 477 (D. Del.1947); California Beverage & Supply Co. v. Distillers Distributing Corp., 158 C.A.2d 758, 767 (1958), 323 P.2d 517.

Concerning that part of the second cause of action, which alleges unfair appropriation by defendants of plaintiff's confidential information, trade secrets and customer lists (Complaint, second cause of action, Par. E, p. 19 et seq.), these allegations are also denied and countered by defendants and, further, defendants raise the question whether information of the type alleged, even if used by defendants, constitutes confidential information. See, Millett v. Park & Tilford, supra, Continental Car-Na-Var Corp. v. Moseley, 24 Cal.2d 104 (1944), 148 P.2d 9; Aetna Bldg. Maintenance Co. v. West, 39 Cal.2d 198 (1952), 246 P.2d 11; A. B. C. v. Distillers, supra; Alpha Distributing Co. v. Jas Barclay & Co., 215 F.2d 510 (9th Cir.1954).

The third cause of action alleges wrongful, unjustified, unprivileged interference by defendants other than Daniel's, with the contractual and business relationship between plaintiff and Daniel's (Complaint, third cause of action, p. 26 seq.).

■ Conceding that there can be wrongful interference even with a contractual relationship terminable at will (See, Speegle v. Underwriters, 29 Cal. 2d 34, 39, (1946), 172 P.2d 867), not every interference by third persons with contractual or business relationships is wrongful. Certain interference can be justified by a showing of proper purpose and legitimate interest and such issues are here sufficiently raised by defendant's affidavits. (See, Masoni v. Board of Trade, 119 Cal.App.2d 738 (1953) 260 P.2d 205; Restatement, Torts, Secs. 766, 767; Mallard v. Boring, 182 Cal.App.2d 390, 6 Cal.Rptr. 171 (1960); Hopper v. Lennon & Mitchell, 52 F.Supp. 319 (S.D.Cal.1943).

■ Upon such a record as this, the Court should hesitate before granting a pendente lite injunction which would in effect specifically enforce an uncertain, hotly disputed oral arrangement by requiring defendants to indefinitely entrust the marketing of their product in a wide area to a distributor with whom a relationship of confidence and cooperation has become impossible.

There is, of course, the consideration that, unless such pendente lite relief is granted, plaintiff may lose the fruits of a distributorship which it would like to retain. It must be borne in mind, however, that in the very nature of any distributorship of this type there is always the implied realization that it cannot last forever. Generally, fair dealing between the parties on the subject of termination is the best that can be expected. To this end the courts have construed similar arrangements to require tenure for a reasonable period and termination upon reasonable notice. (See the Mangini, San Francisco and Millett cases cited, supra.)

In this particular case the relationship continued for nearly ten years. Plain-

tiff was advised nearly four years before actual termination that it should not count on continuance beyond two years and, further, a formal two months' notice of actual termination effective December 31, 1960, was given.

Further, upon trial of the case, plaintiff, if successful in its contentions, may recover any damages sustained up to that time with or without a permanent injunction.

The Court concludes that plaintiff's application for a pendente lite injunction should be denied. (See the Millett and Alpha cases, supra, and also American T. C. P. Corp. v. Shell Oil Co., 123 F. Supp. 55 (S.D.N.Y.1954).