[Civ. No. 10217.   Third Dist.   Sept. 5, 1961.]

BURGERMEISTER BREWING CORPORATION (a Corporation), Petitioner, v. SUPERIOR COURT OF BUTTE COUNTY et al., Respondents; CLYDE A. BOWMAN, Real Party in Interest.

P. M. Barceloux, Burton J. Goldstein, Goldstein, Barceloux & Goldstein, Elbert W. Davis and Hoffman, Davis & Martin for Petitioner.

No appearance for Respondents.

Price & Morony, Grayson Price and J. Albert Hutchinson for Real Party in Interest.

PEEK, J.—This is a petition for prohibition or other writ to restrain respondent court from proceeding to try issues claimed by petitioner (to whom we shall refer as Burgermeister) to have been finally determined in former proceedings before the same court.

Originally Burgermeister instituted an action in the respondent court for sums alleged to be due on an open-book account by defendant Clyde A. Bowman, doing business as Bowman's Beverage Company. Bowman answered admitting the indebtedness, but cross-complained setting forth four causes of action, two sounding in contract, the other two causes based upon the alleged tortious conduct and fraud of the petitioner.

The judgment, which was entered on the verdict of the jury, read as follows:

"We, the jury . . . find for the defendant and cross-complainant CLYDE A. BOWMAN, . . . and against the plaintiff and cross-defendant SAN FRANCISCO BREWING CORPORATION, and assess his damages as follows:

"1. For breach of contract, in the sum of $36040.00

"2. For fraud counts, in the sum of $    none

"3. On the Third or Fourth Causes of Action, punitive damages in the sum of $    none. . . ."

Burgermeister then appealed to this court from the judgment "in favor of cross-complainant, . . . and against the cross-defendant, SAN FRANCISCO BREWING CORPORATION, . . . and from the whole thereof. . . ."

Following a reversal of the judgment by this court, a hearing was granted by the Supreme Court and on August 10, 1959, that court adopted the opinion of this court and in its order stated, "For the reasons given, the judgment is reversed." (*San Francisco Brewing Corp.* v. *Bowman,* 52 Cal. 2d 607, 620 [343 P.2d 1].)

Upon return of the remittitur, the trial court allowed defendant Bowman to file an amended and supplemental answer, counterclaim and cross-complaint, by which Bowman sought to amend and revise the third and fourth causes of action as originally set forth. Burgermeister demurred generally to the amended answer and moved to strike the third and fourth counts of its counterclaim (the so-called "fraud counts"). On January 9, 1961, the respondent court overruled the demurrer and denied Burgermeister's motion.

Burgermeister now contends that since it could appeal only from that portion of the judgment against it and since no appeal was taken by Bowman as to that part of the original judgment denying him recovery on the "fraud counts," therefore, that part of the original judgment is res judicata as to those issues.

The general rule is that res judicata as an ordinary defense does not go to the jurisdiction of the trial court. Therefore, generally, this defense is not a proper ground for the issuance of a writ of prohibition. (*Reidy* v. *Superior Court,* 220 Cal. 111 [29 P.2d 780] ; *Baird* v. *Superior Court,* 204 Cal. 408 [268 P. 640].) However, an exception exists where both trials are related to the same case. As was stated in *Reidy* v. *Superior Court, supra,* at page 113 (distinguishing other cases) : "At the second trial the court undertook to try the issues which had already been decided and determined by the judgment rendered at the first trial, and which judgment as to those issues had not been set aside, and accordingly had not been affected in any way by the granting of a new trial as to other issues." In such a case the

trial court lacks jurisdiction to redetermine that part of the judgment which has become final and a writ of prohibition will properly lie. (*Oldfield* v. *Superior Court*, 217 Cal. 581 [20 P.2d 671]; *Robson* v. *Superior Court*, 171 Cal. 588 [154 P. 8]; *Lake* v. *Superior Court*, 187 Cal. 116 [200 P. 1041]; 1 Witkin, California Procedure, Jurisdiction, § 52, p. 323.)

The judgment entered in the trial court denying defendant Bowman recovery as to the "fraud counts" was a determination of those claims against him. That is, although the judgment was for the defendant "For breach of contract, in the sum of $36040.00" as to the second count, it was "For fraud counts, in the sum of $    none" and as to the "Third or Fourth Causes of Action, punitive damages in the sum of $    none." Thus, in effect, the jury found against the defendant as to counts three and four. Here, as in *Daniels* v. *Daniels*, 143 Cal.App.2d 430, 439 [300 P.2d 335], if the judgment had been silent as to the "fraud counts" it would have been a determination of those claims against Bowman, and since it was implicit in what had already been stated, certainly it was no less so because the judgment expressly denied him relief as to those claims.

Although Bowman, the real party in interest, took no appeal from that part of the judgment denying him relief on the "fraud counts," he now asks this court to imply such an appeal.

Burgermeister's appeal was from the judgment "in favor of cross-complainant, . . . and against the cross-defendant" and "the whole thereof."    However, the latter portion ("the whole thereof") could only refer to the judgment against Burgermeister and, except under certain circumstances not present here, it could not appeal from that portion of the judgment in its favor. (*Widener* v. *Hartnett*, 12 Cal.2d 287 [83 P.2d 718].) The opinion of the Supreme Court in *San Francisco Brewing Corp.* v. *Bowman, supra*, does not mention the "fraud counts," which further demonstrates that the appeal was not considered to embrace the fraud issues. In addition, the briefs on this appeal reveal that both parties specifically treated the appeal as being concerned only with the causes of action based on contract.

    It is well settled that where the judgment of the trial court is severable an appellate court has no jurisdiction except as to that portion of the judgment to which the appeal

is directed. (*Lake* v. *Superior Court, supra.*) Bowman, however, contends that the effect of an unqualified reversal is to vacate the entire judgment and to set the case "at large." (*Central Sav. Bank of Oakland* v. *Lake,* 201 Cal. 438 [257 P. 521]; *Rossi* v. *Caire,* 39 Cal.App. 776 [180 P. 58]; 3 Witkin, California Procedure, Appeal, § 185, p. 2380.) ■ However, as was said in *Lake* v. *Superior Court, supra,* at pages 119-120: "The broad expression 'the judgment is reversed' will be confined to the issues arising upon the appeal and the parties appealing. . . . unless the reversal or modification of the whole judgment is essential to protect the interests of the [appellants]. . . ."

In his reply, Bowman contends that where, as here, the contract and fraud counts were inseparable, as both concern the same factual material, a complete reversal is appropriate, and in support cites *American Enterprise, Inc.* v. *Van Winkle,* 39 Cal.2d 210 [246 P.2d 935] and *Osborn* v. *Osborn,* 42 Cal.2d 358 [267 P.2d 333]. However, in both these cases the same issues were involved in the different parts of the judgment.

■ "As to separability, '[t]he test of whether a portion of a judgment appealed from is so interwoven with its other provisions as to preclude an independent examination of the part challenged by the appellant is whether the matters or issues embraced therein are the same as, or interdependent upon, the matter or issues which have not been attacked.'" (*Kelly* v. *Sparling Water Co.,* 52 Cal.2d 628, 634 [343 P.2d 257].)

■ In the present case, different substantive rights were involved in the "contract counts" as distinguished from the "fraud counts." Such rights have been indicated to be severable. (*Gombos* v. *Ashe,* 158 Cal.App.2d 517, 524 [322 P.2d. 933].) It is abundantly clear from the record in the present case that the judgment on the "contract counts" appealed from was the subject of an independent examination on appeal. (*San Francisco Brewing Corp.* v. *Bowman,* 52 Cal.2d 607 [343 P.2d 1].)

We conclude that the part of the judgment which was the subject of appeal (the contract counts) was severable from that part of the judgment concerned with "the fraud counts"; hence, a reviewing court had no jurisdiction to reverse the judgment as to the alleged fraud and this conclusion applies

equally to the trial court, which also is without jurisdiction to reconsider these issues at the present trial.

Let the writ issue.

Van Dyke, P. J., and Schottky, J., concurred.

The petition of the real party in interest for a rehearing was denied October 2, 1961, and his petition for a hearing by the Supreme Court was denied November 1, 1961.