304 F.2d 451
 ALPHA DISTRIBUTING COMPANY OF CALIFORNIA, Inc., also doing business under the name and style of Alpha Distributing Company, Inc., Appellant,
v.
JACK DANIEL DISTILLERY, LEM MOTLOW PROP., INC., a corporation, Brown-Forman Distillers Corporation, a corporation; et al., Appellees.
 No. 17526.
 United States Court of Appeals Ninth Circuit.
 June 14, 1962.
 
 J. Albert Hutchinson, San Francisco, Cal., for appellant.
 Dunne, Dunne, & Phelps, and Arthur B. Dunne, Louis L. Phelps, and Wallace R. Peck, San Francisco, Cal., for appellees.
 Before CHAMBERS and MERRILL, Circuit Judges, and ROSS, District Judge.
 PER CURIAM.
 
 
 1
 For reasons thought adequate by Jack Daniel Distillery and its parent company, Brown-Forman Distillers Corporation, the distributorship in California of Alpha Distributing Company for Jack Daniel, a popular brand of Tennessee bourbon whiskey, has been cancelled. The distillery companies say this is nothing more than the operation of the free enterprise system. Alpha, plaintiff and appellant, asserts many reasons which it claims establish that the distillers do not have a right to deprive it of the custom, which was indeed profitable.
 
 
 2
 The distributorship was apparently cancelled prior to January 1, 1961, but effective on or about that date. Alpha filed an action on December 15, 1960, seeking assorted relief, including damages and an injunction.
 
 
 3
 The case started in the state court, but because of diversity of citizenship was quickly transferred to federal court.[1]
 
 
 4
 A motion for preliminary injunction was filed on December 28, 1960, but no proof in support of the motion (which came in affidavit form) came before January 18, 1961, after a new distributor had taken over. Counter-affidavits of the distillers soon appeared. On the affidavits, the trial court ordered, on June 16, 1961, that no injunction pendente lite would issue.[2] From this order, as it may, Alpha took an appeal. Briefing was completed here on April 6, 1962, and the case was heard June 7.
 
 
 5
 The trial court made rather cryptic findings of fact, but under the circumstances we believe them adequate and appropriate. Alpha objects that they lacked specificity and ignored issues. Had an injunction been granted, perhaps much more detailed findings would have been appropriate, but when a court finds a few cogent facts upon which to bottom a denial, the facts found need not run the field.
 
 
 6
 Having examined the record, we are satisfied that no abuse of discretion has been shown in denying the preliminary injunction. We do not mean to indicate that after trial on the merits the trial court should or should not grant an injunction. We simply do not reach such questions.
 
 
 7
 Order affirmed.
 
 
 
 Notes:
 
 
 [1]
 Following a California practice which seems to occur and reoccur, Alpha has named as parties defendant an assorted list of "John Does" and, having named them, seemingly has abandoned them. We suggest he should attend to them. See Roth v. Davis, 9 Cir., 231 F.2d 681; Molnar v. National Broadcasting Co., 9 Cir., 231 F.2d 684
 
 
 [2]
 The trial court announced its decision on March 13, 1961, Alpha Distributing Co. v. Jack Daniel Distillery et al., 207 F. Supp. 136. However, it was three months and three days before the findings were settled, the plaintiff having resisted defendants' submitted findings of fact