573 P.2d 904

**APACHE TRAILER SALES, INC., an Arizona Corporation, Appellant,**

**v.**

**REDMAN INDUSTRIES, INC., a corporation, United Housing of New Mexico, a New Mexico Corporation, Skyline Corp., a corporation and Skyline Homes, Inc. of California, a California Corporation, Appellees.**

**No. 2 CA–CIV 2437.**

Court of Appeals of Arizona, Division 2.

Nov. 15, 1977.

Rehearing Denied Dec. 20, 1977.

Review Denied Jan. 24, 1978.

Miller, Pitt & Feldman, P. C. by James R. Figliulo and Schorr & Leonard, P. C. by David J. Leonard, Tucson, for appellant.

Bilby, Shoenhair, Warnock & Dolph, P. C. by James F. Morrow and Stephen A. Thomas, Tucson, for appellee Redman Industries, Inc.

Price, Tinney, Lindberg & Gianas by John Price, Tucson, for appellee United Housing of New Mexico.

Mesch, Marquez & Rothschild, P. C. by John K. Mesch, Tucson, for appellees Skyline.

### OPINION

RICHMOND, Judge.

In separate counts of an action commenced by Apache Trailer Sales, Inc., against Vernie Jackson and his wife, Redman Industries, Inc., Skyline Corporation and United Housing of New Mexico, Apache alleged that Redman, Skyline and United had breached exclusive mobile home dealership agreements with Apache. Each of the agreements was oral. Those three defendants moved for partial summary judgment on the breach of contract counts, and the trial court granted their motions on the grounds that all three contracts were unenforceable under the statute of frauds, A.R.S. § 44–101(5),[1] and, as to Redman's contract, also A.R.S. § 44–2308(A).[2] Apache appeals from the partial summary judgments.[3]

Appellees urge that the summary judgments are supported by Apache's pleadings and answer to an interrogatory propounded by Skyline. In its amended complaint Apache alleged that each of the agreements "contained express, implied-in-fact and implied-in-law provisions to the effect that Apache would act as exclusive sales agent for a reasonable time" and, "in the event of termination after a reasonable time, reasonable notice of termination would be given." In answer to Skyline's interrogatory as to Apache's opinion of a reasonable time, Apache stated:

"A reasonable duration for an exclusive sales agency agreement in the retail mobile home industry is a minimum of five years, since that much time is required to build good will and public acceptance of the products and thereafter to recoup expenditures and make a reasonable return for the money and effort expended. The reasonableness of the duration of the agreement increases beyond the original five years if the dealer is making reasonable progress in his promotional and sales activities."

When a reasonable time for performance is an implied term of a contract, and from the facts a reasonable time is

---

1. § 44–101. Statute of frauds

No action shall be brought in any court in the following cases unless the promise or agreement upon which the action is brought, or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereunto lawfully authorized:

\* \* \* \* \* \*

5. Upon an agreement which is not to be performed within one year from the making thereof.

2. § 44–2308. Formal requirements; statute of frauds

A. Except as otherwise provided in this section, a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this subsection beyond the quantity of goods shown in such writing.

3. Pending tort claims against each appellee were unaffected by the judgments.

more than one year, the contract is within the statute of frauds. *Hall v. Hall*, 158 Tex. 95, 308 S.W.2d 12 (1957); *San Francisco Brewing Corp. v. Bowman*, 52 Cal.2d 607, 343 P.2d 1 (1959).[4]

In addition to Apache's answer to Skyline's interrogatory, however, the record contains the testimony on deposition of Apache's president that the various agreements were terminable at will. Apache argues that at the very least this creates an issue of material fact precluding summary judgment, because the possibility of performance or termination within one year is sufficient to take an oral agreement out of the operation of the statute of frauds. *Edward Greenband Enterprises of Arizona v. Pepper*, 112 Ariz. 115, 538 P.2d 389 (1975). But is the issue so raised one of *material* fact? Can the termination of an agreement that is terminable at will give rise to a claim on which relief can be granted?

 Whether a contract for a selling agency is determined to be terminable at will or for a reasonable duration, the sales agent usually is entitled to reasonable notice of termination. *Ag-Chem Equipment Co., Inc. v. Hahn, Inc.*, 480 F.2d 482 (8th Cir. 1973); *Alpha Distrib. Co. of Cal., Inc. v. Jack Daniel Distillery*, 454 F.2d 442 (9th Cir. 1972); *Burton v. Hitachi American, Ltd.*, 504 F.2d 721 (7th Cir. 1974). In such cases damages generally have been limited to recoupment of the selling agent's investment of expense, time and labor. *See Burton v. Hitachi American, Ltd., supra.*[5]

 From the foregoing, we hold that partial summary judgment was improvidently granted on the basis of A.R.S. § 44–101(5). Material issues of fact are whether the contracts in question were terminable at will and of a type entitling Apache to reasonable notice on termination; if so, whether Apache was afforded reasonable notice, and if not afforded such notice,

what amount of damages, if any, it is entitled to recover by recoupment, as distinguished from loss of profits.

 The remaining issue is whether the agreements are enforceable in light of § 44–2308, the Uniform Commercial Code statute of frauds. If the agreement with Redman was nothing more than a contract for the sale of goods for the price of $500 or more, it is not enforceable in the absence of some writing satisfying § 44–2308(A). The record contains no such writing as to future sales, and there are no claims by any parties arising out of past orders or deliveries. Again, however, viewing the evidence in the light most favorable to Apache as the party opposing the motions, summary judgment is precluded. An exclusive sales agency agreement is more than a mere sales contract. *See J. C. Millett Co. v. Park & Tilford Distillers Corp.*, 123 F.Supp. 484, 492 (N.D.Cal.1954); *contra, Artman v. International Harvest Company*, 355 F.Supp. 482 (W.D.Pa.1973). The nature of the arrangement is one of continuation rather than one of several separate buy and sell agreements. *California Wine Ass'n. v. Wisconsin Liquor Co.*, 20 Wis.2d 110, 121 N.W.2d 308 (1963). If the alleged agreement between Apache and Redman is found to be of such a type, then the other issues listed above remain to be decided.

Reversed and remanded for further proceedings consistent herewith.

HOWARD, C. J., and HATHAWAY, J., concur.

---

4. *But see* 2 Corbin on Contracts, § 446, 1971 supplement at 147–148, n. 46.5, to the effect that such a finding never becomes a "term" of the oral agreement as made by the parties and thus the statute of frauds should not be applied.

5. Development of contract law in this area is the subject of an article by Dean Ernest Gellhorn, Limitations on Contract Termination Rights—Franchise Cancellations, 1967 Duke L.J. 465.