[Civ. No. 29324.   Second Dist., Div. Two.   Apr. 25, 1966.]

JERRY LEVY, Plaintiff and Appellant, v. BELLMAR ENTERPRISES et al., Defendants and Respondents.

Thaler & Karen and Howard L. Thaler for Plaintiff and Appellant.

Ervin, Cohen & Jessup and Gerald Vance Dicker for Defendants and Respondents.

HERNDON, J.—Plaintiff appeals from the judgment of dismissal entered after the trial court had sustained respondents' demurrers to the third amended complaint filed herein.[1]

By his original complaint appellant sought to recover from respondents under the theory that he was a third party beneficiary of a "written agreement of joint venture" entered into by the respondents. It was alleged that respondents had agreed among themselves to form a joint venture to develop a series of television shows starring Joey Bishop and that their written agreement provided in part as follows: "Jerry Levy is to be employed by the Venture as Associate or Assistant Producer at a compensation of Three Hundred and Fifty Dollars ($350.00) for each new program. The Venture agrees to accord Levy credit as Associate or Assistant Producer on the positive prints of each program which credit shall be the normal and reasonable credit afforded to an Associate or Assistant Producer and need not be on a separate card."

---

[1]Plaintiff's notice of appeal actually is directed to the order sustaining the demurrer rather than to the judgment of dismissal. However, on our own motion we have examined the original file herein and such augmented record reveals that a judgment of dismissal was entered following the filing of plaintiff's notice of appeal. In the interest of justice we treat plaintiff's notice as one prematurely filed but directed to this appealable judgment of dismissal rather than to the order sustaining the demurrer. (*Vibert* v. *Berger*, 64 Cal.2d 65, 69 [48 Cal.Rptr. 886, 410 P.2d 390].)

The complaint further alleged that the defendants, pursuant to the terms of their written agreement, did employ appellant at the agreed compensation; that he performed the required services until November 1962; and that thereafter "without cause or justification defendants, and each of them, failed and refused to permit plaintiff to further render his services" and failed to pay him further compensation.

Respondents' demurrers to this complaint were sustained for the very proper reason that it failed to allege that the agreement, to which appellant was not a party, was made for his benefit. (*Southern Cal. Gas Co.* v. *ABC Construction Co.*, 204 Cal.App.2d 747, 750 et seq. [22 Cal.Rptr. 540] and authorities cited therein.)

In support of their demurrers, respondents further pointed out that since all parties to the agreement were named as defendants and charged with having caused the termination of appellant's employment, appellant could not seek to enforce further future performance of their contract against them because his own allegations indicate that they must have mutually rescinded that portion of the agreement which related to him. (Civ. Code, § 1559.)[2]

Finally, respondents' demurrers were correctly sustained upon the ground that even if it were assumed that appellant was a third party beneficiary of an employment contract expressly made for his benefit, and one which the contracting parties were powerless to rescind, nevertheless he would have no greater right than he would have had if he had contracted directly with respondents for his employment. Since his employment was for no definite or specified period and since no consideration was given therefor other than the rendition of services, it was terminable at will. (*Ruinello* v. *Murray*, 36 Cal.2d 687, 689 [227 P.2d 251]; *Speegle* v. *Board of Fire Underwriters*, 29 Cal.2d 34, 39-40 [172 P.2d 867]; *Ferreyra* v. *E. & J. Gallo Winery*, 231 Cal.App.2d 426, 430-432 [41 Cal.Rptr. 819].)

Although appellant thrice exercised the privilege granted him to amend his complaint, he never seriously attempted to eliminate any of these specified defects therein. He added vague allegations to the effect that prior to the time that respondents entered into their joint venture agreement, they had made representations to him that their agreement would

[2]Section 1559 of the Civil Code provides: "A contract, *made expressly for the benefit of a third person*, may be enforced by him at any time *before the parties thereto rescind it.*" (Italics added.)

provide for his employment by them at a specified considera-
tion which would continue "for so long as programs were
produced" and "said employment to continue for as long as
the said Joey Bishop Show remained in existence." But he
never alleged that such agreement was expressly made for his
benefit, as a creditor, assignee, donee or otherwise.

Even if certain of the joint venturers conceivably might be
deemed the promisees of the others insofar as appellant's
employment was contemplated by the terms of the contract,
and even if appellant might have enforced his rights there-
under so long as these "promisees" had not joined the other
"promisors" in terminating this portion of their agreement,
it is clear that appellant cannot force both the "promisees"
and the "promisors" to perform their agreement when they
have mutually agreed to terminate that portion thereof. Prior
to their alleged joint determination to terminate appellant's
employment, the respondents had performed their agreement
by hiring appellant and he has been paid in full for all
services rendered.

Finally, it may be noted that regardless of any oral repre-
sentations that might have been made to appellant prior to the
execution of the written agreement under which he asserts his
rights as third party beneficiary, the written agreement on
which he relies contains no provision whatsoever concerning
the duration of appellant's employment.

■ However, even assuming that appellant and respond-
ents had entered into a direct oral or written contract provid-
ing for his employment "so long as the Joey Bishop Show
remained in existence," nevertheless such contract, being for
an indefinite period, might be terminated by either party
unless supported by some further consideration bargained for
and given by appellant in addition to his rendition of the
services required of him by the employment contract itself.
(Cf. *Boehm* v. *Spreckels*, 183 Cal. 239, 249 [191 P. 5]; *Brown*
v *National Electric Works*, 168 Cal. 336, 338 [143 P. 606];
*Davidson* v. *Laughlin*, 138 Cal. 320, 323 [71 P. 345, 5 L.R.A
N.S. 579]; *Ferreyra* v. *E. & J. Gallo Winery, supra,* 231 Cal.
App.2d 426, 430-431; *Thacker* v. *American Foundry,* 78
Cal.App.2d 76, 84 [177 P.2d 322]; *Millsap* v. *National Fund-
ing Corp.,* 57 Cal.App.2d 772, 776 [135 P.2d 407]; *Seifert* v.
*Arnold Bros., Inc.,* 138 Cal.App. 324, 326 [31 P.2d 1059].)

■ Apparently seeking to establish some such additional
consideration, appellant alleged that in reliance upon respond-
ents' oral representations he "(a) did change the residence of

himself and his family from the State of New York to the State of California; (b) substantially terminated his business endeavors in the State of New York in order to come to California; (c) substantially curtailed all other business and commercial endeavors in which he was engaged to devote his time and energies in his production capacity for the 'Joey Bishop Show'; and (d) rejected numerous other offers of employment, all to [his] detriment and unconscionable injury in reasonable and justifiable reliance upon the said representations of [respondents], and each of them.''

The weakness of this theory, of course, lies in the fact that appellant does not allege that such ''considerations'' were bargained for as the exchange for the promise of a nonterminable employment. ▮ The following quotation from *Ferreyra* v. *E. & J. Gallo Winery, supra,* 231 Cal.App.2d 426, 431-432, disposes of appellant's arguments on this point:

''In *Simmons* v. *California Institute of Technology,* 34 Cal.2d 264, the court stated at page 272 [209 P.2d 581]: 'The true consideration of a contract may be shown by extrinsic evidence (*Shiver* v. *Liberty Bldg.-Loan Assn.,* 16 Cal.2d 296 [106 P.2d 4] ; . . .

'' 'But the consideration for a promise must be an act or a return promise, bargained for and given in exchange for the promise. (*Bard* v. *Kent,* 19 Cal.2d 449 [122 P.2d 8, 139 A.L.R. 1032] ; *Tiffany & Co.* v. *Spreckels,* 202 Cal. 778 [262 P. 742] ; *Williams* v. *Hasshagen,* 166 Cal. 386 [137 P. 9] ; *Lasar* v. *Johnson,* 125 Cal. 549 [58 P. 161] ; Rest., Contracts, § 75; see Williston, Contracts [rev. ed.] §§ 61, 100, 102, 102a.) In the words of section 75 of the Restatement of Contracts (com. b.): ''Consideration must actually be bargained for as the exchange for the promise. . . . The existence or non-existence of a bargain where something has been parted with by the promisee or received by the promisor depends upon the manifested intention of the parties. . . . The fact that the promisee relies on the promise to his injury, or the promisor gains some advantage therefrom, does not establish consideration without the element of bargain or agreed exchange.'' (Language approved in *Bard* v. *Kent, supra,* p. 452.) '

''In *Savage* v. *Spur Distributing Co.,* 33 Tenn.App. 27 [228 S.W.2d 122], the plaintiff claimed that his additional consideration given for the employment contract was the detriment to himself in giving up his former job, moving his family, finding new living quarters, and buying a new home at inflated prices. The court rejected this argument, stating at

page 125 [228 S.W.2d] : 'These things, however, do not appear to have been mutually understood by the parties as any part of the agreed exchange or consideration. Defendant's offer was only for plaintiff's services as its assistant secretary. This was the only consideration moving to it. These other things were of no benefit to it. At most they were merely a detriment to him incident to preparing himself to accept its offer—only the same sort of detriment that ordinarily results to any employee who leaves one employment and goes elsewhere to accept another.' (*San Francisco Brewing Corp.* v. *Bowman,* 52 Cal.2d 607, 614 [343 P.2d 1] ; see also *Page* v. *New Orleans Public Service, Inc.,* 184 La. 617 [167 So. 99] ; *Lynas* v. *Maxwell Farms,* 279 Mich. 684 [273 N.W. 315] ; and *Skagerberg* v. *Blandin Paper Co.,* 197 Minn. 291 [266 N.W. 872], to the same effect.) ''

Factually the *Ferreyra* case was a far stronger one in support of appellant's contentions herein, and, since a hearing was denied by our Supreme Court therein, it stands ''as a decision of a court of last resort in this state, until and unless disapproved by [the Supreme Court] or until change of the law by legislative action.'' (*Cole* v. *Rush,* 45 Cal.2d 345, 351 [289 P.2d 450, 54 A.L.R.2d 1137] ; *Estate of Brissel,* 218 Cal. App.2d 841, 844 [32 Cal.Rptr. 458] ; *Housing Authority* v. *Peters,* 120 Cal.App.2d 615, 616 [261 P.2d 561].)

Finally, appellant argues that it was improper to sustain the demurrer to his third amended complaint because in it he had sought declaratory relief based upon the same facts which previously had been held to state no cause of action. That is to say, appellant's third amended complaint made no attempt to correct or supply the deficiencies noted in his second amended complaint but set forth the identical allegations and then merely added a further paragraph asserting that a controversy existed between the parties as to whether or not he was entitled to any relief in the premises. Such belated attempts by a plaintiff to do by indirection what he has failed to do directly have consistently been rejected by the courts and must be rejected here. As stated in *Girard* v. *Miller,* 214 Cal.App.2d 266, 276-277 [29 Cal.Rptr. 359] :

''Plaintiff contends he had a right to go to trial upon his causes of action for declaratory relief and to quiet title, as if they were the only causes of action pleaded. We cannot agree that the other causes of action can be ignored. . . .

''After three amendments the complaint stated all of the facts upon which plaintiff depended for a judgment that the

lot of defendants is subject to the restrictions. The situation is analogous to one in a suit for money in which all the facts are alleged in one count and are found insufficient to state a cause of action; the defect is not cured by the addition of a common count. [Citation.] When the court determined the facts pleaded were insufficient to entitle Girard to a judgment declaring the lot subject to the restrictions it was not error to decline to send the case to trial upon a cause of action for declaratory relief, based upon the same facts. [Citation.]

"Under section 1061 of the Code of Civil Procedure the court may refuse to exercise the power to grant declaratory relief where the same is not necessary or proper at the time under all the circumstances. The availability of another form of relief that is adequate will usually justify refusal to grant declaratory relief. [Citations.] The refusal to exercise the power is within the court's legal discretion and will not be disturbed on appeal except for abuse of discretion. [Citation.] No abuse of discretion is shown in the refusal to exercise the power when the plaintiff in the action in which declaratory relief is sought has alleged in separate causes of action all the facts upon which he relies for relief and they have been found insufficient." (See also *Western Homes, Inc. v. Herbert Ketell, Inc.*, 236 Cal.App.2d 142, 146 [45 Cal.Rptr. 856], where a similar result was reached in an attempt to state a cause of action based upon the theory of third party beneficiary.)

The judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.