[Civ. No. 736.   Fifth Dist.   Aug. 7, 1967.]

H & L SUPPLY, INC., Plaintiff and Appellant, v. JACK C. EWING et al., Defendants and Respondents.

Vizzard, Baker, Sullivan & McFarland and Allan H. Mc-Farland for Plaintiff and Appellant.

DiGiorgio, Davis & Nairn and V. P. DiGiorgio for Defendants and Respondents.

STONE, J.—This appeal is from a judgment entered following the granting of a motion for nonsuit. Findings of fact and conclusions of law were filed pursuant to Code of Civil Procedure section 631.8.

Appellant, a materialman, furnished air-conditioning and heating equipment to Chapin Sheet Metal Company, a subcontractor under the general contractor, Gannon Construction Company, that erected a building on property belonging to respondents, Jack C. Ewing and Hazel E. Ewing, his wife. The record indicates that the Ewings paid the general contractor, Gannon Construction, who, in turn, paid Chapin Sheet Metal Company for the air-conditioning. Apparently Chapin paid appellant the money obtained from Gannon without specifying which job the money covered, and appellant applied the payments to accounts other than the Ewing

job, accounts between Chapin and appellant that were long overdue. Chapin thereafter filed in bankruptcy.

Herman Pitts, president and sole stockholder of appellant corporation, prepared a pre-lien notice covering material furnished Chapin for the Ewing job, which he directed an employee to serve. The relevancy of the pre-lien notice lies in appellant's contention that it remedies defects in its mechanic's lien claim.

■ Code of Civil Procedure section 1193.1, subdivision (j), requires that a claim of lien ". . . shall contain the following: (1) a statement of his demand after deducting all just credits and offsets; (2) the name of the owner or reputed owner, if known; (3) a general statement of the kind of work done or materials furnished by him, or both; (4) the name of the person by whom he was employed or to whom he furnished the materials; (5) a description of the property sought to be charged with the lien sufficient for identification.''

Mr. Pitts obtained a mechanic's lien form such as those sold in stationery stores, and prepared and filed a mechanic's lien on behalf of appellant. The property to be liened was described as ''Ptn. of NE ¼ of Section 3, 30-27, as per Map recorded in Book 3752 at Page 485 of Hall of Records of Kern County, California.'' No street number was given, and it would be difficult to determine what part of the 160 acres was being liened without knowing the name of the owner. But Mr. Pitts failed to insert the name of the owner of the property in the claim of lien, leaving blank the space provided for that purpose. Thus the indefinite description of the property cannot be cured by reference to the name of the owner. No doubt the practice of clarifying ambiguous property descriptions through ownership records is one reason why the Legislature did not designate omission of the owner's name in a claim of lien as a mistake or error that does not invalidate the lien. (Code Civ. Proc., § 1196.1.) For these reasons the case does not come within the rationale of the *Borello* v. *Eichler Homes, Inc.*, 221 Cal.App.2d 487 [34 Cal.Rptr. 648], line of cases which hold that when innocent third persons are not affected the property description in a lien notice is sufficient if a party familiar with the locality is able to identify the property with reasonable certainty to the exclusion of others.

Appellant argues that the claim is sufficient since it refers to the property as ''commonly known as Ewing's Cafe.'' At the time the claim was recorded, Ewings did operate a cafe, but it was known as ''Ewing's Tam O'Shanter Inn'' located

several miles away on the opposite side of the City of Bakersfield.

The trial court, in granting the nonsuit, found the omission from the claim of lien of the names of the owners of the property (Code Civ. Proc., § 1193.1, subd. (j)) a fatal defect. The court placed great reliance upon the case of *Diamond Match Co.* v. *Sanitary Fruit Co.*, 70 Cal.App. 695 [234 P. 322], wherein the facts are clearly apposite to those before us. In *Diamond Match* the court said, at page 702: ''The filing of the claim in the recorder's office is intended to protect the owner of the property against double payment to the contractor or payment for his services and the materials he uses in the work of improvement in excess of what his contract calls for. The notice is also intended for the protection of those who may as to such property deal with the owner thereof—that is, third persons as purchasers or mortgagees. [Citations.] For these reasons, the requirement that the claim of lien shall contain the name of the owner or the reputed owner of the property is imperative, and must be complied with, where such owner is known to the claimant, to perfect the lien. [Citations.] The importance of this requirement and the necessity of complying with it are emphasized by section 4132, subdivision 16, of the Political Code, which provides that every recorder (of the counties) 'must keep an index of notices of mechanics' liens, labeled: ''Mechanics' liens,'' each page divided into three columns, headed, respectively: ''Parties against whom claimed,'' ''Parties claiming liens,'' ''Notices—when and where recorded.'' ' ''

▮ Appellant appears to argue that the *Diamond Match* case, although good law at the time it was written or at least the authoritative rule at that time, is no longer controlling because of the enactment of subdivision (a) of Code of Civil Procedure section 1193, requiring service of a pre-lien notice 15 days prior to filing a claim of lien. It is asserted that as between the parties imperfections in the recorded notice of lien can be remedied by reference to the pre-lien notice.

Appellant's presupposition that a pre-lien notice is of equal dignity with and complements a claim of lien by supplying information required by Code of Cvil Procedure section 1193.1, subdivision (j), would, if carried to its logical conclusion, permit the foreclosure of a mechanic's lien based solely upon a pre-lien notice where no innocent third party is affected. Clearly, the pre-lien notice is not designed to supplant a recorded claim of lien, but to alert the owner to the

circumstances and that a lien is imminent. The mechanics' lien statutes enacted at the time the pre-lien notice section was added did not dispense with or mollify the requirements of section 1193.1, subdivision (j), relating to the filing of claim of lien.

The trial court observed that Code of Civil Procedure section 1196.1, delineating certain errors and omissions in a mechanic's lien that do not invalidate a claim of lien, does not include the section 1193.1, subdivision (j), requirement that the name of the owner of the property be stated. This information is necessary, as noted in the *Diamond Match* case, for the claim of lien to be properly indexed by the county recorder. Recording documents without indexing would defeat the purpose of recording.

Appellant's argument would be more persuasive if it were mounted on the framework of estoppel. However, in such a circumstance it would be necessary to show that the owner had actual notice of the facts through the preliminary lien notice.

■ It is conceded that neither the preliminary lien notice nor the claim of lien named Mrs. Ewing, who is one of the two owners of the property. Thus the omission of her name in the claim of lien could not be cured by the preliminary notice, particularly where no attempt was made to serve her with it. As to Mr. Ewing, appellant and respondents are in sharp conflict as to whether the preliminary lien notice was properly served. The court found there was technical compliance with the code but that respondents "had at no time any actual knowledge either of the intention to lien or the filing of the lien by the plaintiff." We conclude that this finding is controlling on the issue of estoppel.

We do not intend to say that a preliminary lien notice cannot serve to estop an owner from asserting a defect in a notice of claim of a mechanic's lien; we go no further than the precise facts of this case require.

The judgment is affirmed.

Conley, P. J., and Gargano, J., concurred.