[Civ. No. 9072.   Fourth Dist., Div. Two.   Apr. 28, 1969.]

WINDSOR MILLS, Plaintiff and Appellant, v. RICHARD B. SMITH, INC., Defendant and Respondent.

337

Harry I. Sky for Plaintiff and Appellant.

Robert B. Holland for Defendant and Respondent.

McGOLDRICK, J. pro tem.*—This case and 4 Civil 9073, *Windsor Mills v. Broadmoor Homes, Inc. post,* p. 343 [77 Cal.Rptr. 304] are companion cases. They are treated as separate appeals. The points raised on appeal are the same and the briefs pertaining thereto are identical.

Plaintiff appeals in this case from an order sustaining a demurrer to its third amended complaint without leave to amend.

The third amended complaint attempts to allege a cause of action by a materialman against a landowner to foreclose a mechanic's lien. The amount sought is the sum of $17,253.10.

The demurrer was sustained upon the ground that plaintiff did not allege compliance with the requirement of section 1193, Code of Civil Procedure, viz., the serving in the manner prescribed in said section of a pre-lien written notice.

Plaintiff was supplying special order carpeting to a carpet contracting house, defendant Orange County Plastics, a corporation. Orange County Plastics was installing this carpeting, under contract, in tract homes owned by defendants Irvine Company, a West Virginia Corporation, and Richard B.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

Smith, Inc., described in plaintiff's complaint as 70 lots on "A" and "B" Streets, Tract 6113 as per Map recorded in Book 226 at page 20 to 23 inclusive of Miscellaneous Maps, Records of Orange County, California.

Orange County Plastics became involved in financial problems (and later was adjudged an involuntary bankrupt).

On March 8, 1967, Windsor Mills filed complaints to foreclose the mechanics' liens against both Richard B. Smith, Inc. and Broadmoor Homes, Inc. Richard B. Smith, Inc. filed a general demurrer for failure to state a cause of action on April 28, 1967. The demurrer was sustained with leave to amend on May 10, 1967. Broadmoor Homes filed a general demurrer to the complaint against it on May 22, 1967, which was sustained with leave to amend on June 2, 1967. Plaintiff Windsor Mills filed second amended complaints in both actions on June 14, 1967. On June 16, 1967, defendants Richard B. Smith, Inc. and Broadmoor Homes, Inc. made motions for orders for inspection and reproduction of designated documents in their respective cases. Each requested the plaintiff Windor Mills to produce, inter alia, the mechanic's lien 15-day pre-lien notice, and documentary proof of the mailing or serving of said 15-day notice. On June 23, 1967, both Richard B. Smith, Inc. and Broadmoor Homes, Inc., severing themselves from the other defendants, filed answers to plaintiff's second amended complaints.On June 27, 1967, the defendants' motions to inspect the 15-day pre-lien notices and proof of service thereof were granted in each case. A motion to strike the second amended complaint on the ground that Windsor Mills had failed to comply with the order to plaintiff to produce a copy of the 15-day pre-lien notice and proof of mailing or serving was filed on August 4, 1967.

On August 21, 1967, the court granted the motions to strike the second amended complaint ". . . unless within twenty days a third verified amended complaint be filed and served setting forth with particularity whether the pre-lien notice was oral or written and if oral, when given and by whom. If written, by attaching exact copy."

The third amended complaint was filed on September 11, 1967, in each action, alleging, in part, as follows: "That prior to the filing of this action and prior to the filing of the mechanic's liens referred to in paragraph VI, plaintiff did give actual and constructive fifteen-day notice to defendants of its intention to file mechanic's lien herein; and, said defendants had actual notice of the intended filing of the Liens in-

volved herein by telephone conversation on or about November 20, 1966, between their Project Engineer, MR. SCOTT BIDDLE, and HARRY I. SKY, attorney for plaintiff.''

This did not comply with the court order because it did not state with particularity whether the pre-lien notice was oral or written. General demurrers to the third amended complaints were filed in each case on September 14, 1967, based on the complaint's failure to state a cause of action by failing to allege furnishing or delivery of a written pre-lien notice. A judgment of dismissal was entered in each case on October 30, 1967. A notice of appeal was filed on October 18, 1967, which we treat as being filed immediately after the entry of the judgment, (rule 2(c), Cal. Rules of Court; *Evola* v. *Wendt Construction Co.*, 158 Cal.App.2d 658 [323 P.2d 158]; *Levy* v. *Bellmar Enterprises*, 241 Cal.App.2d 686, 688, fn. 1 [50 Cal.Rptr. 842]; *Hohn* v. *Hohn*, 229 Cal.App.2d 336 [40 Cal. Rptr. 125].)

In addition to the complaint and the rulings of the trial court above referred to, there is as part of the record on appeal a declaration of one Harry I. Sky, attorney for plaintiff. This declaration was filed with plaintiff's opposition to a motion for an order striking the second amended complaint. According to the Sky declaration, he had a telephone conversation on November 2, 1966 with one Scott Biddle, project engineer for defendant Smith, Inc. The substance of the conversation was as follows: Sky identified himself as plaintiff's attorney and also attorney for Distinctive Carpets, Inc.; he informed Biddle that as attorney for Distincive Carpets, Inc. he caused defendant Orange County Plastics to close its doors and install a keeper. Biddle informed Sky that he was authorized to speak for defendant and informed Sky that defendant still owed Orange County Plastics $6,000 on work already done and that there was some $20,000 on other or more goods to be delivered. Sky cautioned Biddle not to pay out this money to Orange County Plastics as plaintiff intended to file liens on defendant Orange County Plastics' contracts and that it would not be in a position to repay the money or proceed with the work. Biddle informed Sky that he knew about Orange County Plastics' difficulties from the local bank who also had money coming from Orange County Plastics. A further discussion took place about the price Orange County Plastics had charged defendant for the goods and that he, Sky, would have his principal call Biddle about supplying special goods to complete the job. Sky's principal did contact Biddle and made arrangements to

supply defendant's needs for the special goods involved; that Smith and other defendants had knowledge that plaintiff would file liens and that defendant was forewarned not to pay out any funds to Orange County Plastics and that they in fact did not pay out any moneys to Orange County Plastics. Orange County Plastics was adjudged an involuntary bankrupt, and is now bankrupt.

Plaintiff urges three points on this appeal, (1) the November 2, 1966, telephone call constituted substantial compliance with the pre-lien written notice required by Code of Civil Procedure, section 1193; (2) defendants should be estopped from relying on this requirement; and (3) Code of Civil Procedure, section 1193, is unconstitutional in that it discriminates against materialmen who install carpeting.

We will take up these propositions in the order presented.

Code of Civil Procedure, section 1193, during the period in question, that is from August 21, 1966 to December 9, 1966, provided in part as follows: "(a) Except one under direct contract with the owner of one performing actual labor for wages, every person who furnished labor, service, equipment, or material for which a lien otherwise can be claimed under this chapter, must, as a necessary prerequisite to the validity of any claim of lien subsequently filed, cause to be given not later than 15 days prior to the filing of a claim of lien, a *written notice* as prescribed by this section, to the owner. . . ." [Italics added.] The foregoing language leaves no room for doubt that the Legislature envisioned written pre-lien notices and not oral ones. Plaintiff admits in its brief that it did not serve written pre-lien notice as required by Code of Civil Procedure, section 1193, although it argues strenuously that an oral one should be sufficient.

Plaintiff has failed to direct us to any authority that supports this proposition. On the contrary, the authorities hold just the opposite.

The purpose of the pre-lien written notice is to advise the owner, even before a claim of lien is recorded, that his property may be subjected to a lien arising out of a contract to which he is not a party. (*H. & L. Supply, Inc.* v. *Ewing,* 253 Cal.App.2d 283 [61 Cal.Rptr. 289]; *Halspar, Inc.* v. *La Barthe,* 238 Cal.App.2d 897, 900 [48 Cal.Rptr. 293]; *Wand Corp.* v. *San Gabriel Valley Lbr. Co.,* 236 Cal.App.2d 855, 858 [46 Cal.Rptr. 486].)

Subdivision (c) of section 1193 of the Code of Civil Procedure provides in part as follows: "Service of notice re-

quired under this section may be given by delivering the same to the person to be notified, personally, or by leaving it at his address or place of business with some person in charge, or by registered or certified mail, postage prepaid, addressed to the person to whom notice is to be given . . . at the address shown by the building permit on file with the authority issuing a building permit for the work . . . When service is by registered or certified mail, service is complete at the time of the deposit of the registered or certified mail.''

This subdivision serves to illustrate that a written notice is required. Plaintiff has advanced no persuasive reason why this interpretation should be otherwise. Certainly requiring a written notice does not necessitate substantial delay in securing a lien beyond that which would be entailed by giving an oral notice since, as indicated above, subdivision (c) makes service of the notice by registered or certified mail effective upon deposit.

Plaintiff's contentions on this point are devoid of merit.

We turn to plaintiff's next contention that the defendant should be estopped from asserting section 1193 as a bar to its action. In support of this proposition it argues that oral notice to Smith, Inc. gave them everything by way of notice that a written one would have and hence this should be an exception to the rule, especially where defendant's position is improved and because it would be unjustly enriched.

The type of estoppel that plaintiff refers to is not demonstrated in the brief, nor is anything pleaded in the complaint, nor is there any pleading to warrant the invocation of the doctrine. (*General Motors Accept. Corp.* v. *Gandy,* 200 Cal. 284 [253 P. 137].)

Moreover, there is nothing in Sky's conversation with Biddle that should have called defendant's attention to the fact that plaintiff did not intend to file a written pre-lien notice nor does it appear that defendant was under any duty to protect plaintiff from its own inaction.

The agreement on the part of plaintiff to furnish defendant with all the carpeting it needed to finish the job is nothing more than an ordinary business transaction and certainly this fact did not create a duty on the part of defendant to protect plaintiff.

As indicated above, where estoppel is an element of the action, it must be especially pleaded in the complaint with sufficient accuracy to disclose the facts relied upon and plaintiff must prove all of the essential elements constituting it.

(*Judelson* v. *American Metal Bearing Co.,* 89 Cal.App.2d 256, 266 [200 P.2d 836]; 2 Witkin, Cal. Procedure (1954) p. 1546.)

Waiver is a more elusive doctrine than estoppel and often the so-called waiver actually constitutes an estoppel but whether correctly described or not, it is like estoppel and must also be specially pleaded in the complaint. (*Cohen* v. *Metropolitan Life Ins. Co.,* 32 Cal.App.2d 337, 347 [89 P.2d 732].)

Further, plaintiff's contention that the trial court's disposition of the case will unjustly enrich the defendant is without merit. All it does is to eliminate security for the debt. The debt still remains.

Finally, as a complete answer to plaintiff's contention of estoppel, waiver and unjust enrichment, we have the provisions of subdivision (b) of section 1193 of the Code of Civil procedure which reads as follows: ''(b) Any agreement made or entered into by an owner whereby the owner agrees to waive the rights or privileges conferred upon him by this section shall be void and of no effect.''

The last point that plaintiff makes on this appeal is that Code of Civil Procedure, section 1193, is unconstitutional in that it discriminates against materialmen who install carpeting in buildings. Plaintiff devotes most of its brief to this point in a philosophic discussion of how, why and in what manner section 1193 discriminates against materialmen furnishing carpeting to buildings and how it fails to accord to them equal protection. Reducing this argument to its common denominator, it amounts to this: Materialmen furnishing carpeting should be classified different than others because their product is the last furnished to the job site. There is no evidence in the record to support this and it can only be treated as an argument to support its contention of discrimination. Moreover, no evidence was presented to the trial court to support the statements.

Section 1193, subdivision (b) has been challenged before on unconstitutional grounds. In *Borchers Bros.* v. *Buckeye Incubator Co.,* 59 Cal.2d 234, 240 [28 Cal.Rptr. 697, 379 P.2d 1], it was unsuccessfully raised by other material suppliers. The court said, ''It thus appears that the legislative classification in the present case was neither arbitrary nor unreasonable and that the notice requirement of section 1193 of the Code of Civil Procedure is constitutional.''

Plaintiff concedes that the law is against its position in this

case but asks this court to engage in the act of legislative chicanery to bring about its desired result.

As pointed out in *Borchers,* plaintiff's argument might have legislative persuasion and it belongs in that forum. There, under the constitutional mandate of article XX, section 15, the Legislature has the duty of balancing the interest of lien claimants and property owners.

It is therefore evident that there is no constitutional compulsion for special treatment of materialmen furnishing carpeting. The Legislature can, if they choose, provide them with a special classification in this field of law, however, it is not up to the court to make such a distinction.

Finally, this court is not required to permit the filing of another amended complaint where it is clear that a cause of action cannot be stated. (*Ruinello* v. *Murray,* 36 Cal.2d 687, 690 [227 P.2d 251]; *Galanis* v. *Mercury Intl. Ins. Underwriters,* 247 Cal.App.2d 690, 699-700 [55 Cal.Rptr. 890].)

The order is affirmed.

McCabe, P. J., and Tamura, J., concurred.

On June 3, 1969, the opinion was modified to read as printed above.