**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2012-NMCA-110**

**Filing Date: September 18, 2012**

**Docket No. 31,006**

**ORA LEE HARRIS and**
**LORANDON BYRD,**

> **Plaintiffs-Appellants,**

**v.**

**ANTONIO VASQUEZ and**
**DOMINIC VASQUEZ,**

> **Defendants-Appellees.**

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**David P. Reeb, District Judge**

Mike Bello
Clovis, NM

for Appellants

Mark Sweetman
Clovis, NM

for Appellees

**OPINION**

**KENNEDY, Judge.**

**{1}** Ora Lee Harris and Lorandon Byrd (Plaintiffs) appeal the district court's order granting Antonio Vasquez's and Dominic Vasquez's (Defendants) motion for summary judgment. The sole issue on appeal is whether a debtor responsible for a mechanic's lien against a car, who is not its owner, must be given notice before enforcement of a mechanic's lien under NMSA 1978, Section 48-3-13(A) (1989). We affirm and conclude that notice need not be given to the debtor and that notice to the owner is sufficient.

1

## I.    BACKGROUND

**{2}**    Prior to the enforcement of Defendants' mechanic's lien, Byrd owned a 1986 Nissan Maxima.  The car is a motor vehicle within the meaning of NMSA 1978, Section 48-3-21(B) (1965).  When Byrd was incarcerated, she gave possession and use of the car to Harris, her aunt.  Byrd's ownership of the car remained unchanged.  Subsequently, in April 2007, Harris contacted Vasquez, owner and operator of Vasquez Welding and Tire, to make repairs to the car.

**{3}**    Vasquez completed the repair work on April 18, 2007, and presented Harris with a bill for $1207.83.  On April 14, 2008, Harris made a $500 payment for the repairs, leaving an outstanding balance of $707.83.  Harris made no further payments on the bill.  The car remained in Vasquez's possession.

**{4}**    In November 2008, Vasquez, through his agent, Amber Workheiser of Workheiser Enterprises, Inc., initiated proceedings to enforce his mechanic's lien under Section 48-3-13. Workheiser conducted a vehicle history.  The State of New Mexico Vehicle History report showed that Byrd was the registered owner.  Byrd's address of record coincided with the home address of Harris.  Workheiser sent notice to Byrd, via certified mail, stating the amount of indebtedness and that if the amount was not paid within ten days, the car may be advertised and sold under Section 48-3-13.  Notice was sent to Byrd at Harris's address on November 25, 2008, and delivery was attempted on November 28 and December 3, 2008. Harris allowed the certified mail package to go unclaimed and be returned undelivered to Workheiser on December 12, 2008.  At no time was written notice addressed to Harris.

**{5}**    Workheiser scheduled the car auction for January 8, 2009, at 8:00 a.m., and, in compliance with NMSA 1978, Section 48-3-14(A) (1955), posted six notices around the city. Workheiser conducted the sale at the appointed date and time.  Besides Vasquez, no other bidders appeared for the sale.  Vasquez bid the amount of his lien and took ownership of the car.  In February 2009, Harris saw Antonio Vasquez, Dominic Vasquez's nephew, driving the car around Clovis.  Harris approached him for return of the car, and he declined.

**{6}**    In September 2009, Harris and Byrd filed a pro se civil complaint against Defendants in magistrate court, seeking return of the 1986 Nissan Maxima or $5000 in payment for the car.  Harris and Byrd argued that the lien enforcement and sale was improper because Vasquez never provided notice to Harris, who possessed the car, and such notice was required under the statute because Harris was the debtor.  In December 2009, the court found that notice was sufficient and awarded Defendants attorney fees.

**{7}**    Plaintiffs subsequently appealed to the district court for trial de novo.  The parties filed cross-motions for summary judgment.  Plaintiffs argued that lien enforcement was improper because Vasquez failed to follow Section 48-3-13(A) by not providing notice to Harris, who had made all contractual agreements with him, provided partial payment, and was the debtor for the repair work. Defendants argued that Harris was not the car's owner

2

and, therefore, was not entitled to notice and that adequate notice was served on Byrd. In November 2010, the district court denied Plaintiffs' motion for summary judgment and granted Defendants' counter-motion for summary judgment on the ground that Harris was not the legal owner of the car and, therefore, was not entitled to notice. Plaintiffs now appeal.

## II.    DISCUSSION

**{8}**    At issue is whether the district court properly granted summary judgment in concluding that Harris was not entitled to notice and that notice was properly made upon Byrd under Section 48-3-13(A). The parties agree that the lien arose under Section 48-3-1. The argument revolves solely around whether the notice required for lien enforcement was proper under Section 48-3-13.

**{9}**    "On appeal from the grant of summary judgment, we ordinarily review the whole record in the light most favorable to the party opposing summary judgment to determine if there is any evidence that places a genuine issue of material fact in dispute." *City of Albuquerque v. BPLW Architects & Eng'rs, Inc.*, 2009-NMCA-081, ¶ 7, 146 N.M. 717, 213 P.3d 1146. "However, if no material issues of fact are in dispute and an appeal presents only a question of law, we apply de novo review and are not required to view the appeal in the light most favorable to the party opposing summary judgment." *Id.*

**{10}**    Interpretation of a statute is a question of law, which an appellate court reviews de novo. *See Morgan Keegan Mortg. Co. v. Candelaria*, 1998-NMCA-008, ¶ 5, 124 N.M. 405, 951 P.2d 1066. When presented with a question of statutory construction, we observe several general principles. *High Ridge Hinkle Joint Venture v. City of Albuquerque*, 1998-NMSC-050, ¶ 5, 126 N.M. 413, 970 P.2d 599. First, we read several sections of a statute together, so that all parts are given effect. *Methola v. Cnty. of Eddy*, 95 N.M. 329, 333, 622 P.2d 234, 238 (1980). Second, we give the words of the statute their plain meaning unless the Legislature indicates a different intent. *State ex rel. Klineline v. Blackhurst*, 106 N.M. 732, 735, 749 P.2d 1111, 1114 (1988), *superceded in statute as stated in Cordova v. Taxation & Revenue*, 2005-NMCA-009, 136 N.M. 713, 104 P.3d 1104. Further, we will not read into a statute language that is not there, particularly, if it makes sense as written. *Burroughs v. Bd. of Cnty. Comm'rs*, 88 N.M. 303, 306, 540 P.2d 233, 236 (1975). Finally, the purpose of statutory construction is to give effect to the intent of the Legislature. *Key v. Chrysler Motors Corp.*, 121 N.M. 764, 768-69, 918 P.2d 350, 354-55 (1996), *aff'd in part, rev'd in part on other grounds by* 2000-NMSC-010, 128 N.M. 739, 998 P.2d 575.

**{11}**    Section 48-3-13(A) provides a mechanic's lienholder an optional, self-enforcement mechanism and states, in relevant part, that the lien claimant must "*serve the person against whom the lien is sought to be enforced* with a written notice or forward to the last known address of the person, by certified or registered mail, return receipt requested, a written statement, setting forth an itemized statement of the amount of the indebtedness." (Emphasis added.)

3

**{12}**     This notice requirement in Subsection A applies to the self-enforcement of and sales associated with, inter alia, mechanic's and artisan's liens on motor vehicles. NMSA 1978, Sections 48-3-1 to -3-20. Such liens are used to secure payment for work on the chattels involved. *See* Section 48-3-1(A) (stating that a mechanic has "a lien upon such motor vehicle . . . for repairing the same"); *see also* Section 48-2-1 (defining a lien as "a charge imposed upon specific property, by which it is made security for the performance of an act"). Specifically for liens against motor vehicles, Subsection C provides extended time periods for the notice requirement. The statute explains that, with regard to motor vehicles, the notice period is specifically "for the purpose of establishing ownership . . . so that [owners and other lienholders] may be given notice of the sale." § 48-3-13(C).

**{13}**     We conclude that the vehicle's owner is clearly the person against whom a mechanic's lien for repairs to a motor vehicle is sought to be enforced, as the time periods for notice are specially provided for the purpose of establishing ownership. As such, notice is sufficient when served upon the owner. We also note that statutes requiring notice for perfection of a mechanic's lien have traditionally required notice to the owner. *See generally* Maurice T. Brunner, *Who is the Owner Within Mechanic's Lien Statute Requiring Notice of Claim*, 76 A.L.R.3d 605, § 3 (1977) (stating that while the definition of "owner" may vary, only owners within the meaning of the statute are entitled to notice); *High Ridge Hinkle*, 1998-NMSC-050, ¶ 5; *cf. Windsor Mills v. Richard B. Smith, Inc.*, 77 Cal. Rptr. 300, 302 (Ct. App. 1969) (stating that the purpose of written notice is to advise the owner that his property may be subjected to a lien arising out of a transaction to which he may not be a party); *Wand Corp. v. San Gabriel Valley Lumber Co.*, 46 Cal. Rptr. 486, 488 (Ct. App. 1965) (explaining that the purpose of written notice to the owner is to advise him that his property may be subjected to a lien, even though the owner may not be party to the underlying transaction).

**{14}**     To the extent that Plaintiffs contend that the phrase "the person against whom the lien is sought to be enforced" refers to the debtor, we disagree. As stated above, we read the statute as a whole, and Subsections B and C indicate that notice is solely required to the owner. Moreover, "[t]he age-old Latin phrase[,] *inclusio unius est exclusio alterius*[,] is applicable here. It means the inclusion of one thing is the exclusion of the other. The [L]egislature did not see fit to include it in the statute, therefore[,] it is excluded." *State v. Nick R.*, 2009-NMSC-050, ¶ 23, 147 N.M. 182, 218 P.3d 868 (internal quotation marks and citation omitted). We note that, although the term "debtor" is used in other statutes within Article 3 of NMSA 1978, Sections 48-3-15 and -26, it is not used in the specific statute at issue in this case. Rather, the term "owner" is explicitly used in Section 48-3-13 with reference to the notice periods for motor vehicles. We conclude that because the Legislature did not see fit to include "debtor" in the statute with reference to motor vehicles, it is excluded in our construction of this statute. Had the Legislature intended to require the provision of notice to a contracting party, who is not the property owner, it would not have specified that the notice periods were for the purposes of determining the identity of the owner. *See* Section 48-3-13(C).

4

**{15}** Plaintiffs also argue that summary judgment in favor of Defendants was inappropriate because, as an agent of Byrd, Harris deserved notice. Assuming without deciding that Harris was Byrd's agent, Harris intentionally deprived herself of notice by allowing the certified mail package addressed to her principal—Byrd—to go unclaimed. The notice was delivered directly to Harris's home, and she chose not to claim it. If Harris was Byrd's agent within this transaction, she should have accepted notice on behalf of her principal, rather than allowing the package to go unclaimed. *See generally* Restatement (Second) of Agency § 272 (1958); *Madsen v. Scott*, 1999-NMSC-042, ¶ 8, 128 N.M. 255, 992 P.2d 268 ("An agent is a person who, by agreement with another called the principal, represents the principal in dealings with third persons or transacts some other business, manages some affair[,] or does some service for the principal, with or without compensation." (internal quotation marks and citation omitted)). Such a "head-in-the-sand" position is unavailing. Harris cannot benefit from intentionally avoiding receipt of notice.

**{16}** Plaintiffs argue that, even if notice to the vehicle owner is required under Subsections B and C of the statute, notice is additionally required to the debtor under Subsection A. Plaintiffs misconstrue the "in addition to" language of Subsection B. Subsection B states that "in addition to the ten-day notice of the debt under this section and the twenty-day notice of sale under Section 48-3-14 . . . , the motor vehicle shall be held." § 48-3-13(B). A plain reading of Subsection B evinces that, with regard to vehicles, a lienholder must hold the vehicle for an additional period of time between notice to the owner and sale of the vehicle. The quoted language in Subsection B refers to the period between notice and sale, not to whom notice must be given. Moreover, the statute does not indicate that notice is to be given to any other parties.

**{17}** Last, Plaintiffs argue that Vasquez had actual knowledge of Byrd's incarceration and willfully served notice at the incorrect address. Plaintiff fails to direct this Court to any point in the record which indicates that his knowledge of her incarceration was argued below or otherwise preserved. "[O]n appeal, the party must specifically point out where, in the record, the party invoked the court's ruling on the issue. Absent that citation to the record or any obvious preservation, we will not consider the issue." *Crutchfield v. N.M. Dep't of Taxation & Revenue*, 2005-NMCA-022, ¶ 14, 137 N.M. 26, 106 P.3d 1273. Furthermore, upon our review of the record, we conclude that this argument was not preserved, and we therefore do not review it. *Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987) (stating that "[t]o preserve an issue for review on appeal, it must appear that [the] appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court").

### III.    CONCLUSION

**{18}** Based on the foregoing analysis, we conclude that, with respect to motor vehicles, Section 48-3-13 solely requires that written notice be served on the vehicle owner. Therefore, we affirm the district court.

**{19}** **IT IS SO ORDERED.**

_____

**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**MICHAEL E. VIGIL, Judge**

**Topic Index for _Harris v. Vasquez_, No. 31,006**

**CIVIL PROCEDURE**
Notice
Summary Judgment

**PROPERTY**
Bankers and Agents

**REMEDIES**
Liens

**STATUTES**
Interpretation
Rules of Construction