This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41389

**CHARLES KINNEY,**

    Plaintiff-Appellant,

v.

**JERK IT AUTO PARTS, INC.;
A-1 AUTO RECYCLERS; and
JASON OVERTURF,**

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene A. Marsh, District Court Judge**

Charles G. Kinney
Oakland, CA

Pro Se Appellant

Risley Law Firm, P.C.
Gary E. Risley
Farmington, NM

for Appellees

### MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Plaintiff Charles Kinney, a self-represented litigant, appeals the district court's dismissal of his claims based on collateral estoppel and res judicata. We previously issued a notice of proposed summary disposition in which we proposed to reverse the district court's dismissal of Plaintiff's claim for injunctive relief and proposed to affirm the dismissal of Plaintiff's other claims against Jerk It Auto Parts, Inc., A-1 Auto Recyclers,

and Jason Overturf (collectively, Defendants). Plaintiff has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** We set forth the relevant background information and principles of law in the notice of proposed summary disposition. Rather than reiterating, we will focus on the content of the memorandum in opposition.

**{3}** Plaintiff's memorandum in opposition critiques various statements made in our notice but neither exhibits a comprehension of our reasons for proposing affirmance nor meaningfully challenges those grounds. To prevail on the summary calendar, a litigant's memorandum in opposition must correct any deficiencies in the docketing statement and establish errors of law and fact in the district court's ruling and in our proposed analysis; conclusory assertions and the repetition of earlier arguments does not fulfill an appellant's obligation in this regard. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{4}** Throughout the memorandum in opposition, Plaintiff asserts that there was error in a summary judgment determination in a prior case. The only district court decisions that this Court may consider in this appeal, however, are those regarding whether the district court erred in dismissing Plaintiff's claims against Defendants based on its application of res judicata and collateral estoppel. [RP 227] While we acknowledge it may be difficult for Plaintiff to separate the prior case from this one, particularly in light of the nature of the district court's decision in this case, the prior case is not on appeal and we are not reviewing the merits of the decisions made in that case.

**Res Judicata and Collateral Estoppel**

**{5}** In the memorandum in opposition, Plaintiff challenges the district court's dismissal of his claims, asserting there was no final judgment in the prior case because the district court's determinations in that case—particularly regarding the identity of the seller and the validity of the warranty—were incorrect. [MIO 4] As stated in our proposed disposition, res judicata bars relitigation of the same claim between the same parties or their privies when the first litigation resulted in a final judgment on the merits. [CN 2] *See Turner v. First N.M. Bank*, 2015-NMCA-068, ¶ 6, 352 P.3d 661. Our proposed disposition noted that the magistrate court's dismissal "without prejudice" may have been a clerical error; the district court entered a decision on the merits; and the magistrate court's order dismissing was a final judgment that disposed of all claims, parties, and matters in the case to the fullest extent possible. [CN 5-7] As a result, we proposed to conclude there had been a final judgment in the case. *See id.* (concluding that an order dismissing a complaint is a final judgment notwithstanding that the dismissal was "without prejudice"). Plaintiff has not responded to this conclusion with any citation to contrary authority. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Instead, Plaintiff asserts the judgment was not final because of perceived errors in the prior case's summary judgment order, such as the

failure to apply the appropriate standard [MIO 3, 4-5, 10, 16], the failure to resolve all issues in the case [MIO 2, 3, 4, 6, 10, 20, 27], and the existence of disputed issues of material fact [MIO 2-3, 6, 13-15].

**{6}**     As noted in our proposed disposition, these assertions amount to an attempt to relitigate the district court's summary judgment determination in the prior case. [CN 10-11] Plaintiff has provided no citations to authority to support his assertion that this Court must now consider the merits of the prior case. *See ITT Educ. Servs., Inc. v. N.M. Tax'n & Revenue Dep't*, 1998-NMCA-078, ¶ 10, 125 N.M. 244, 959 P.2d 969 (stating that this Court will not consider propositions that are unsupported by citation to authority). In addition, Plaintiff's assertions in this regard depend on motions filed and arguments made in the prior case's summary judgment proceedings. [MIO 11, 14-15, 16, 17] Such matters are not part of this record and present no issue for review in this case. *See Kepler v. Slade*, 1995-NMSC-035, ¶ 13, 119 N.M. 802, 896 P.2d 482 ("Matters outside the record present no issue for review." (internal quotation marks and citation omitted)); *In re Mokiligon*, 2005-NMCA-021, ¶ 7, 137 N.M. 22, 106 P.3d 584 ("[T]his Court will not consider and counsel should not refer to matters not of record." (internal quotation marks and citation omitted)). We therefore decline Plaintiff's invitation to consider the merits of the prior case in this appeal.

**{7}**     To the extent Plaintiff also asserts that there was no final judgment in the prior case because he had no opportunity to cross-examine witnesses during a trial [MIO 11, 16], we disagree. As we pointed out in our proposed disposition, Plaintiff was given an opportunity to participate in the summary judgment proceedings, and Plaintiff has failed to identify any authority to suggest that cross-examination during trial must precede a final judgment or that summary judgment was somehow inadequate to adjudicate the issues raised. [CN 7] *See* Rule 1-072 NMRA; Rule 1-056 NMRA; *cf. Harris v. Vasquez*, 2012-NMCA-110, ¶¶ 6-7, 288 P.3d 924 (considering merits of the appeal where, following the magistrate court's decision, the plaintiff sought a trial de novo in district court, and subsequently appealed the district court's summary judgment decision). Furthermore, insofar as Plaintiff asserts the district court's order granting Defendants' motion to dismiss in this case was not a final judgment on the merits, such a determination is not required as part of an analysis of res judicata. [MIO 11] *See Kirby v. Guardian Life Ins. Co. of America*, 2010-NMSC-106, ¶ 61, 148 N.M. 106, 231 P.3d 87 (requiring that "the *first* decision must have been on the merits" (emphasis added) (internal quotation marks and citation omitted)).

**{8}**     In addition, Plaintiff asserts that his claims for unfair business practices and fraud in this case are different from the causes of action brought in the prior case, such that res judicata does not apply. [MIO 23-25] The district court noted that both of Plaintiff's cases were "based upon the same business transaction, the same engine, the same warranty, and other common operative facts." [RP 227-28] As stated in our proposed disposition, under the transactional approach, the cause of action in this case was the same as that in the prior case because all the issues arose out of a common nucleus of operative facts. [CN 8-9] *See Potter v. Pierce*, 2015-NMSC-002, ¶ 11, 342 P.3d 54 (stating that the transactional approach considers "all issues arising out of a common

nucleus of operative facts as a single cause of action" (internal quotation marks and citation omitted)). Plaintiff's assertion, that "it doesn't matter if the prior case and this case had facts in common" because he asserted two new causes of action in this case [MIO 23-24], lacks citation to authority and ignores the application of the transactional approach set forth in our proposed disposition. [CN 8] Plaintiff has therefore failed to demonstrate that the single cause of action element of res judicata was not satisfied. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{9}** Plaintiff also asserts that res judicata does not apply because Defendant Jerk It Auto Parts, Inc. was not a party to the prior suit. [MIO 23] As stated in our proposed disposition, however, only Plaintiff's claims against Defendant Overturf were barred by res judicata by reason of the decision in the prior case. [CN 10; RP 228] Plaintiff has not identified any facts to suggest that our proposed disposition was incorrect in concluding that, regarding Plaintiff and Defendant Overturf, the parties in this suit are the same as in the prior suit. [CN 8] Insofar as Plaintiff intended to assert that his inclusion of Defendant Jerk It Auto Parts, Inc. precluded dismissal based on collateral estoppel, we note that our observation in the proposed disposition—that Plaintiff was a litigant in both the prior case and this one—has gone unchallenged. [CN 10] *See Hernandez v. Parker*, 2022-NMCA-023, ¶ 8, 508 P.3d 947 (identifying that one element of collateral estoppel is that "the party to be estopped was a party to the prior proceeding" (internal quotation marks and citation omitted)); *see also State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (stating that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue).

**{10}** Furthermore, with regard to our proposed disposition regarding collateral estoppel, we note that Plaintiff has provided virtually no response, aside from asserting error in the district court's summary judgment decision in the prior case. [MIO 13] For the reasons stated above, we decline Plaintiff's invitation to relitigate the prior case and are unpersuaded by Plaintiff's assertion that the district court erred in dismissing all but one of his claims in this case.

## Remaining Issues

**{11}** Plaintiff also opposes this Court's proposed disposition with regard to the district court's denial of Plaintiff's motion to strike Defendants' motion to dismiss. Specifically, Plaintiff asserts that he was prejudiced by the method of service because he had less time to research and oppose Defendants' motion. [MIO 26] As noted in our proposed disposition, however, Plaintiff has failed to demonstrate prejudice in this regard by identifying any authority or argument that he was unable to present to the district court in his two responses to Defendants' motion. *See Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 31, 135 N.M. 423, 89 P.3d 672 ("[A]n assertion of prejudice is not a showing of prejudice, and in the absence of prejudice, there is no reversible error." (alteration, internal quotation marks, and citation omitted)).

**{12}** Plaintiff also asserts that this case should be assigned to the general calendar to allow for review of the hearing transcript. [MIO 27] This Court does not assign cases to the general calendar based on generalized claims that transcript review is necessary, without specific identification of the information needed from them. *See State v. Sheldon*, 1990-NMCA-039, ¶ 5, 110 N.M. 28, 791 P.2d 479 (acknowledging that the docketing statement is "recognized as an adequate alternative to a complete transcript" and that "[i]t has long been recognized by this [C]ourt that the appellate rules do not allow appellate counsel to pick through the record for possible error"); *State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353 (suggesting that a complete verbatim transcript of proceedings is not necessary to afford adequate appellate review); *cf. State v. Ibarra*, 1993-NMCA-040, ¶¶ 4, 10, 116 N.M. 486, 864 P.2d 302 (indicating that this Court does not order transcripts or place cases on the general calendar to allow an appellant to "sort through the transcript for unidentified error").

**CONCLUSION**

**{13}** We are unpersuaded by Plaintiff's memorandum in opposition because it is premised almost entirely on his belief that his view of the facts is correct and should have been adopted and accepted as true by the district court in a prior case. Moreover, we are unable to discern from Plaintiff's memorandum in opposition any errors in fact or law in this Court's notice of proposed disposition. *See Hennessy*, 1998-NMCA-036, ¶ 24 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{14}** Accordingly, for the reasons stated in the notice of proposed summary disposition and above, we reverse the district court's dismissal of Plaintiff's claim for injunctive relief and affirm the dismissal of Plaintiff's other claims against Defendants.

**{15}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**